**MASCHOFF GILMORE & ISRAELSEN**
Larry R. Laycock (#04868)
Charles J. Veverka (# 07110)
Rachel Jacques (#13250)
1441 West Ute Boulevard, Suite 100
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: llaycock@mgiip.com
E-mail: cveverka@mgiip.com
E-mail: rjacques@mgiip.com

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SIGNS.COM, INC., a Delaware corporation, and FERRARI COLOR, a Utah D/B/A, <br><br> Plaintiffs, <br><br> v. <br><br> SA INTERNATIONAL, INC., a Delaware corporation, <br><br> Defendant. | COMPLAINT FOR DECLARATORY JUDGMENT <br><br><br> Case No. 2:13-cv-00036-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiffs Signs.com, Inc. and Ferrari Color hereby complain and allege against Defendant SA International, Inc. as follows:

## PARTIES

1. Plaintiff Signs.com, Inc. ("Signs.com") is a Delaware Corporation with its principle place of business at 1550 South Gladiola Street, Salt Lake City, Utah 84104.

2. Plaintiff Ferrari Color ("Ferrari") is a Utah D/B/A located at 1550 South Gladiola Street, Salt Lake City, Utah 84104.  Signs.com and Ferrari are collectively referred to herein as "Plaintiffs."

3. On information and belief, Defendant SA International, Inc. ("Defendant") is a Delaware corporation with its principle place of business at 5296 S. Commerce Dr. Suite 102, Salt Lake City, UT 84107.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action for non-infringement of common law trademark rights under the Lanham Act, common law and the laws of Utah.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, the Declaratory Judgment Act under 28 U.S.C. §2201, 15 U.S.C. §§ 1116–1118 and 1125(a), and 28 U.S.C. § 1367(a) as to the related common law and state-law claims.

5. This Court's exercise of supplemental jurisdiction over the common law and state-law related claims is proper as these claims are so related to the questions of federal law, that they form part of the same case or controversy as Defendant has alleged violations of federal law, common law and state-law based on the same accused conduct of Plaintiffs.

6. This Court has personal jurisdiction over Defendants because, on information and belief, Defendant maintains its principle place of business within this District.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

8. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

9. Signs.com provides custom online print sign and banner services via the website www.SIGNS.COM.

10. Signs.com owns the right to operate and use the domain name www.SIGNS.COM.

11. On information and belief, Defendant is a software development company that provides design and editing tools related to print sign making.

12. On information and belief, Defendant does not provide online print sign and banner services.

13. On information and belief, Defendant has never provided online print sign and banner services.

14. On information and belief, Defendant does not sell signs or banners.

15. On information and belief, Defendant has never sold signs or banners.

16. On December 31, 2012, Defendant sent a Cease and Desist letter to several named individuals, and Ferrari. *See* Ex. A, December 31, 2012 Cease and Desist Letter.

17. In the December 31, 2012 Cease and Desist letter, Defendant claims to own the domain name and common law service mark for SIGN.COM and alleges to use the SIGN.COM service mark "to identify the sale of advertising, templates, and the like and the service of assembling sign elements . . . " *Id.*

18. Defendant's Cease and Desist letter further asserts that the ownership and use of the domain name SIGNS.COM infringes its alleged intellectual property rights.  *Id.*

19. Specifically, Defendant states that the use of

> SIGNS.COM and the confusingly similar domain name www.signs.com constitutes direct trademark infringement, unfair competition and dilution under the common law and the laws of Utah (*see* Title 70 *Trademarks and Trade Names*).  It also constitutes a violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)) as constituting false designation of origin and false description of representation concerning your services.  In enforcement of its rights . . . [Defendant] is eligible for an injunction as well recovery of damages, treble damages, and attorney's fees against each and all of you, *see* Lanham Act §§ 34–36 (15 U.S.C. §§ 1116–1118).  *Id.*

20. Accordingly, Defendant's Cease and Desist letter demands that all commercial activities relating to the alleged infringing use of SIGNS.COM be halted immediately and that the domain SIGNS.COM be abandoned by no later than January 15, 2013.  *Id.*

21. Consumers cannot purchase online print sign and banner services via Defendant's SIGN.COM website.

22. Consumers have never been able to purchase online print sign and banner services via Defendant's SIGN.COM website.

23. Consumers cannot purchase signs or banners from Defendant's SIGN.COM website.

24. Consumers have never been able to purchase signs or banners from Defendant's SIGN.COM website.

25. Consumers cannot purchase anything at SIGN.COM without being redirected to another website – "store.thinksai.com."

## COUNT ONE
**(Declaratory Judgment under the Lanham Act)**

26. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

27. An actual, present and justiciable controversy exists between Plaintiffs and Defendant regarding use of the SIGNS.COM domain name and work formative.

28. Defendant's December 31, 2012 Cease and Desist letter accuses Plaintiffs of violating its intellectual property rights pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and further asserts that Defendant is eligible for an injunction, damages, including treble damages, and attorney's fees for Plaintiffs' alleged violations under Lanham Act §§ 34–36 (15 U.S.C. §§ 1116–1118).  *See* Ex. A.

29. Plaintiffs, therefore, seek a declaratory judgment from this Court that the current use of the SIGNS.COM domain name and word formative does not constitute a false designation of origin, false or misleading description of fact, or false or misleading representation of fact under Section 43(a) of the Lanham Act and that Defendant is not entitled to injunctive relief, damages, including treble damages or attorney's fees under Lanham Act §§ 34–36.

## COUNT TWO
**(Declaratory Judgment under the Common Law and Laws of Utah)**

30. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

31. An actual, present and justiciable controversy exists between Plaintiffs and Defendant regarding use of the SIGNS.COMdomain name and work formative.

32. Defendant's December 31, 2012 Cease and Desist letter accuses Plaintiffs of "trademark infringement, unfair competition, and dilution under the common law and the laws of Utah," including UTAH CODE ANN. § 70-3a-101 *et seq*. *See* Ex. A.

33. Plaintiffs, therefore, seek a declaratory judgment from this Court that its current use of the SIGNS.COM domain name and work formative does not constitute infringement or dilution of Defendant's alleged common law SIGN.COM trademark and that Plaintiffs have not engaged in unfair competition.

34. Plaintiffs also, seek a declaratory judgment from this Court that Defendant has no common law trademark or other protectable trademark interest in term SIGN.COM.

35. Plaintiffs also seek a declaration judgment from this Court that, to the extent trademark rights in SIGNS.COM or SIGN.COM exist, Plaintiffs' rights to SIGNS.COM predates and is superior to any interest of Defendant's in SIGN.COM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Enter a declaratory judgment that Plaintiffs' use of the SIGNS.COM domain name and work formative does not violate §§ 34–36 and 43(a) of the Lanham Act;

B. Enter a declaratory judgment, under common law and the law of Utah, including UTAH CODE ANN. § 70-3a-101 *et seq.*, that Plaintiffs' use of the SIGNS.COM domain name and word formative does not result in infringement or dilution of Defendant's alleged common law SIGN.COM trademark and that Plaintiffs have not engaged in unfair competition;

C. Enter a declaratory judgment that Defendant has no common law trademark or other protectable trademark interest in term SIGN.COM;

D. Enter a declaration judgment that, to the extent trademark rights in SIGNS.COM or SIGN.COM exist, Plaintiffs' rights to SIGNS.COM predates and is superior to any interest of Defendant's in SIGN.COM;

E. Award Plaintiffs their reasonable costs and attorneys' fees associated with this action; and

G. Grant Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMANDED

Plaintiffs request trial by jury of all issues in this matter.

DATED this 16th day of January, 2013.

MASCHOFF GILMORE & ISRAELSEN

By: /s/ Larry R. Laycock
Larry R. Laycock
C. J. Veverka
Rachel Jacques

*Attorneys for Plaintiff*