# EXHIBIT A

# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Donna C. Sobel

Of Counsel:
Armando Llorens
Sheldon Palmer
Bertrand M. Lanchner

1325 Avenue of the Americas
28th Floor
New York, NY 10019

Telephone: (212) 725-1818
Facsimile: (212) 941-9711

www.furgang.com
info@furgang.com

December 31, 2012

**VIA E-MAIL, CONFIRMATION BY
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Mr. Kirk Green
Mr. Melvin Green
Mr. Dan Spangenberg
Mr. Marty McGhie
Ferrari Color, Inc.
1550 South Gladiola Street
Salt Lake City, UT 84104

RE: SA International Inc. v. Ferrari Color, Inc., Daniel Spangenberg, Melvin
     Green, Martin McGhie, and Kirk Green
     Our File No.  :     10951

Gentlemen:

We are attorneys for SA International Inc. ("SAi"). SAi is the world's foremost publisher of software for digital printing and signmaking and the leading on-line provider of sign elements, artwork, designs, and the like for individuals and businesses.

It has recently come to our attention that you recently activated the domain name www.signs.com and have been using SIGNS.COM as a service mark for selling sign elements and the facility of constructing signs to principally businesses. Your use of SIGNS.COM service mark and domain name occasions the writing of this letter.

As you are aware, our client owns the domain name and service mark SIGN.COM to identify the sale of advertising, templates, and the like and the service of assembling sign elements and has done so exclusively since at least as early as 2007.

**White Plains** 11 Martine Avenue, Penthouse, White Plains, NY 10606 Tel: (914) 428-5300 Fax: (914) 428-0226
**West Nyack** Centerock East, 2 Crosfield Avenue, Suite 210, West Nyack, NY 10994 Tel: (845) 353-1818 Fax: (845) 353-1996

PATENTS ❖ TRADEMARKS ❖ COPYRIGHTS ❖ ENTERTAINMENT

Furgang & Adwar, L.L.P.

Mr. Kirk Green
Mr. Melvin Green
Mr. Dan Spangenberg
Mr. Marty McGhie
December 31, 2012
Page 2

We are aware that your predecessor, Creative Color Services, Inc. made several failed attempts at registering SIGNS.COM and briefly held a federal registration for SIGNS.COM in a design, which expired many years ago. Whatever rights there may have been secured, and these appear from the record to be facially invalid, were long abandoned and of no import in this matter.

The use of the substantially identical and confusing mark, SIGNS.COM and the domain address www.signs.com is highly likely to cause confusion and also cause significant dilution of our client's right to its mark. Not only will our client's goods and services be confused with your services but, conversely, your services will be confused with our client's goods and services. As such, your use of the service mark SIGNS.COM interferes with our client's business activities, causes it great financial harm, and, in addition to compensable financial damage, produces irreparable harm and damage.

Further, your use of this substantially identical and confusing mark SIGNS.COM and the domain name www.signs.com is evidence of your wilful intent to trading off of the goodwill and secondary meaning acquired by our client.

It is the policy of our client to vigorously defend its exclusive rights to its trademarks including its service mark and trademark SIGN.COM. Pursuant to that policy, we have been authorized to take all steps necessary to protect the exclusivity of these rights, including, if necessary, resorting to the courts.

Your adoption of our client's mark by using SIGNS.COM and the confusingly similar domain name www.signs.com constitutes direct trademark infringement, unfair competition and dilution under the common law and the laws of Utah (see Title 70 *Trademarks and Trade Names*). It also constitutes a violation

Furgang & Adwar, L.L.P.

Mr. Kirk Green
Mr. Melvin Green
Mr. Dan Spangenberg
Mr. Marty McGhie
December 31, 2012
Page 3

of §43(a) of the Lanham Act (15 U.S.C. §1125(a)) as constituting false designation of origin and false description of representation concerning your services. In enforcement of its rights, our client is eligible for an injunction as well recovery of damages, treble damages, and attorney's fees against each and all of you, see Lanham Act §§ 34-36 (15 U.S.C. §§ 1116-1118.)

On behalf of our client, we demand that you immediately cease and desist from the use of SIGNS.COM as a service mark and abandon the domain name www.signs.com. Unless we receive word in writing from you or your attorney by **January 15, 2013**, of this e-mailed, confirmation by certified mail, return receipt, letter, acknowledging that all commercial activities regard your infringing use of SIGNS.COM have been halted and that www.signs.com will be abandoned, we will proceed accordingly.

We expect to hear from you or your attorney by the date stated above.

Very truly yours,
FURGANG & ADWAR, L.L.P.

PHILIP FURGANG for the Firm
*philip@furgang.com*

PF:cr