**WRONA LAW FIRM, P.C.**
Joseph E. Wrona (#8746)
Scott A. Dubois (#7510)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959

**FURGANG & ADWAR, L.L.P.**
Philip Furgang  (#1012921)
Armando Llorens (#2292837)
1325 Avenue of the Americas 28th Floor
New York, New York  10019
Telephone:  (212) 725-1818
Facsimile:  (212) 941-9711

Attorneys for Defendant and
Counterclaim Plaintiff, SA International,
Inc. *(Pro Hac Vice Application for
Furgang & Adwar pending)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **SIGNS.COM, INC., AND FERRARI COLOR**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SA INTERNATIONAL, INC.,**<br><br>**Defendants.**<br>----------------------------------<br><br>**SA INTERNATIONAL INC.,**<br><br>**Counterclaim and Third Part Plaintiff,**<br><br>**vs.** | **ANSWER, AFFIRMATIVE DEFENSES, AND THIRD PARTY COMPLAINT AND**<br><br>**JURY DEMAND**<br><br>Case No. 13-cv-00036-EJF |

| | |
|---|---|
| **SIGNS.COM, INC.,**<br><br>    **Counterclaim Defendants,**<br><br> **and**<br><br>**CREATIVE COLOR SERVICES, INC.,**<br>**FERRARI COLOR, INC., BLAKE GREEN,**<br>**KIRK GREEN, MELVIN C. GREEN,**<br>**DANNY R. SPANENBERG, and J. MARTIN**<br>**McGHIE,**<br>  **Third-party Defendants.** | |

Defendant, Counterclaim Plaintiff and Third-Party Plaintiff SA INTERNATIONAL INC.[1] by its attorney Joseph E. Wrona, Answers the Complaint of Plaintiffs Signs.com, Inc., and Ferrari Color (the assumed name of Creative Color Services, Inc.) and in which each numbered paragraph of the Answer corresponds to the same numbered paragraph of the Complaint, that it:

## ANSWER

1.    Admits ¶ 1 of the Complaint.

2.    Denies each and every allegation and specifically that there is a legal entity as Plaintiff Ferrari Color as alleged in ¶ 2 of the Complaint.

3.    Admits that Defendant SA International Inc. has a place of business at 5296 S. Commerce Drive, Suite 102 as alleged in ¶ 3 of the compliant but denies the remainder of the allegations.

## JURISDICTION AND VENUE

---

[1] Defendant's name does not have a comma between INTERNATIONAL and INC.

4.     Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 4 of the Complaint.

5.     Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 5 of the Complaint.

6.     Admits the allegations of ¶ 6 of the Complaint.

7.     Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 7 of the Complaint.

## BACKGROUND

8.     Admits or denies the allegations of ¶¶ 1 through 7 of the Complaint as set forth above as if repeated herein.

9.     Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 9 of the Complaint.

10.     Denies the allegations of ¶ 10 of the Complaint.

11.     Denies the allegations of ¶ 11 of the Complaint in so far as it alleges only part of plaintiff's business activities.

12.     Denies the allegations of ¶ 12 of the Complaint.

13.     Denies the allegations of ¶ 13 of the Complaint.

14.     Denies the allegations of ¶ 14 of the Complaint.

15.     Denies the allegations of ¶ 15 of the Complaint.

16.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶16 of the Complaint.

17.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶17 of the Complaint.

18.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶18 of the Complaint.

19.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶19 of the Complaint.

20.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶20 of the Complaint.

21.     Denies the allegations of ¶ 21 of the Complaint.

22.     Denies the allegations of ¶ 22 of the Complaint.

23.     Admits the allegation of ¶ 23 of the Complaint.

24.     Admits the allegation of ¶ 24 of the Complaint.

25.     Denies the allegations of ¶ 25 of the Complaint.

## <u>COUNT ONE</u>

26.     Admits or denies the allegations of ¶¶ 1 through 25 of the Complaint as set forth above as if repeated herein.

27.     Denies the allegations of ¶ 27 of the Complaint made as of the date of the commencement of this action.

28.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶28 of the Complaint.

29.     Denies each and every allegation of ¶ 29 of the Complaint.

## <u>COUNT TWO</u>

30.     Admits or denies the allegations of ¶¶ 1 through 29 of the Complaint as set forth above as if repeated herein.

31.     Denies the allegations of ¶ 31 of the Complaint as of the date of the commencement of this action.

32.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶ 32 of the Complaint.

33.     Denies the allegations of ¶ 33 of the Complaint made as of the date of the commencement of this action.

34.     Can neither admit nor deny the statements in ¶ 34 of the Complaint in that it is a prayer for relief and has no allegations.

35.     Can neither admit nor deny the statements in ¶ 35 of the Complaint in that it is a prayer for relief and has no allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

36.     The Complaint fails to state a claim against defendants upon which relief can be granted.

### SECOND AFFIRMATIVE  DEFENSE

37.     This Court lacks jurisdiction over the subject matter of this action.

### THIRD AFFIRMATIVE DEFENSE

38.     SA International Inc. has priority of first use in commerce of the trade name, service mark, and trademark **SIGN.COM** as against any trade name, service mark, and trademark use of **SIGNS.COM** or any other term or phrase confusingly similar thereto by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' conduct, including, but not limited to, the commencement of this action constitutes unclean hands barring any relief sought in the Complaint.

### COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Counterclaim and Third-Party Plaintiff SA International Inc. (hereafter "SA International") complains of Counterclaim Defendant Signs.com and Third-Party Defendants Creative Color Services, Inc., (hereafter "Creative Color"), Ferrari Color, Inc., (hereafter "Ferrari

Inc."), Blake Green, Kirk Green, Melvin C. Green (hereafter "Melvin Green:), Danny R. Spanenberg (hereafter "Spanenberg"), and J. Martin McGhie (hereafter "McGhie"):

### The Parties

1.      Counterclaim and Third-Party Plaintiff SA International Inc. (hereafter "SA International") is a corporation of the State of Pennsylvania.   SA International has its international headquarters and its principal place of business at 5296 South Commerce Drive, Murray, Utah 84107.   A significant part of SA International's world-wide business is devoted to publishing software for use in making signs and for providing graphical components for use in making signs. In addition to its world headquarters in Murray, Utah, it has offices in several foreign countries.

2.      Counterclaim Defendant Creative Color is a corporation of the State of Utah with offices at 1550 South Gladiola Street, Salt Lake City, Utah.  It does business under the assumed name Ferrari Color and has commenced this action under that assumed name.  It operates a graphics print shop which, upon information and belief, serves Salt Lake City, Utah.

3.      Counterclaim Defendant Signs.com, Inc. (hereafter "Signs.com") is a corporation of the state of Delaware licensed as a foreign corporation to do business in the state of Utah, is, upon information belief, owned by Counterclaim Defendant Creative Color and is a direct but smaller competitor of the important segment of SA International's business which provides graphical components for use in the making of signs.

4.      Third Party Defendant Ferrari Color, Inc. (hereafter "Ferrari, Inc."[2]) is a corporation of the State of California but is unlicensed to do business in the State of Utah. Upon information and belief, it has offices at Creative Color in Salt Lake City, Utah.  According to Ferrari, Inc.'s website, http: // www. ferrari color .com/ about-us /company- overview, Third-Party Defendants Ferrari, Inc., and Creative Color, as of 2001, became a "blend of [the] two ... companies" with Ferrari, Inc., based in Sacramento and having another shop in San Francisco, California, and Creative Color having its shop in Salt Lake City, Utah, as alleged.

5.      Third-Party Defendants Blake Green, Kirk Green, Melvin C. Green, Spanenberg, and McGhie are individuals who are, upon information and belief, officers and/or directors of Creative Color and Ferrari, Inc., and, upon information and belief, maintain offices at Creative Color and are directly responsible of the wrongful acts of Creative Color, Ferrari, Inc., and Signs.com.

**Jurisdictional Statement**

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1338(a), (b), 15 U.S.C. §§ 1114, 1116 - 1118, 1121 and 1125(a), and the Court's pendent jurisdiction.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 in that the Plaintiff and Counterclaim Defendant and Third-Party Defendants do business in this district which is where the acts complained of took and are taking place.

---

[2] "Ferrari Inc." is used to avoid confusion with Creative Color's assumed name Ferrari Color.

<u>**Allegations Relevant To Claims**</u>

**Counterclaim and Third-Party Plaintiff SA International's Rights in the Trade Name, Service Mark, and Trademark SIGN.COM**

8.      Beginning in 1988, SA International, through its predecessors, began publishing software used for the manufacture of signs.  This software is used to control printers, cutters, and other equipment and has been and is sold to businesses who either internally make signs for their own use or for businesses who make signs for resale.  SA International's goods and services have been and are being provided to in excess of 50,000 graphic shops across the United States as well as many other such facilities world-wide.

9.      Over time, SA International's business has expanded to include the service of selling sign components which are used in creating signs such as templates for sign design, instructional guides for sign making, background artwork for signs, principle artwork for signs, and the like.

10.      Aside from the acts complained of herein, SA International is and has been, since at least as early as March 2008, the exclusive user of the trade name, service mark, and trademark SIGN.COM™ to identify the sale of downloadable components for use in making signs, including artwork; principal artwork; templates for the creation of signs, background artwork; background and software for the creation and manufacture of signs.

**Counterclaim and Third-Party Plaintiff SA International's Maintenance of its Trade Name, Service Mark, and Trademark Rights in SIGN.COM™**

11.      Ever since SA International introduced its domain name, trade name, service mark, and the trademark  **SIGN.COM** in 2008, SA International has caused its domain name,

trade name, service mark, and trademark to be promoted via the Internet both in the US and internationally through sales to the sign making trade and other consumers

12.     SA International's domain name, trade name, service mark, and trademark **SIGN.COM** (attached hereto as **Exhibit A**) is intimately associated with its goods and services and its goods and services are known by the domain name, trade name, service mark, and trademark and is distinguished thereby from the trademarks of others since at least as early as March 2008.

13.     SA International has continuously used the domain name, trade name, service mark, and trademark **SIGN.COM** in commerce controlled by Congress from its introduction into commerce in the United States from at least as early as March 2008 until the present.

14.     SA International is the sole and exclusive owner in the United States of the domain name, trade name, service mark, and trademark SIGN.COM to identify its Internet services.

15.      As a result of SA International's offering of its services and goods under its domain name, trade name, service mark, and trademark **SIGN.COM**, the trade and public have come to know **SIGN.COM** to represent the sale of goods and services of graphical sign components and software therefor in connection therewith to be of the highest quality, and to rely upon the good will and business that SA International has established under the domain name, trade name, service mark, and trademark **SIGN.COM** for approximately the past five (5) years.

10

**Infringement of SIGN.COM™ by Counterclaim Defendant Signs.com, Third-Party Defendants Creative Color, Black Green Kirk Green, Melvin Green, Spanenberg, and McGee.**

16.     Counterclaim Defendant Creative Services was formed in 1987 and operates a graphics print shop for making selling of signs to business and individuals, which, upon information and belief, serves Salt Lake City, Utah.

17.     Third-Party Defendants Blake Green, Kirk Green, Melvin Green, Spanenberg, and McGee (hereafter jointly and severally "Individuals") are sued herein their capacities which, upon information and belief, are officers and/or directors and active principals of the corporate Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and Third-Party Defendant Ferrari, Inc.,  and have each actively directed involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and Counterclaim Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim Defendant and Third-Party Defendant.

18.     In or about May 14, 1997, Counterclaim Defendant Creative Color established the domain name www.signs.com. Upon information and belief, Counterclaim Defendant Creative Color made no use of the domain name at any time.  Screen shots maintained by the Internet Archive show that no use of that site took place from at least March 2, 2000, until on or about October 23, 2012, except to a posted notice that the domain name was not in use (attached here as **Exhibit B**).

19.     SA International began using the domain name, trade name, service mark and trademark **SIGN.COM** in early 2008 for the sale of goods and services as aforesaid, and has continually used **SIGN.COM** for said goods and services.

20.     In the Spring of 2012, just as SA International began making known its plans to expand its Internet presence by expanding its offerings of graphical components and related goods for use in the creation of signs, Counterclaim Defendant Creative Color formed Counterclaim Defendant Signs.com in the State of Delaware on April 23, 2012.

21.     On July 5, 2012, Counterclaim Defendant Creative Color submitted Counterclaim Defendant Signs.com to the jurisdiction of Utah in the capacity of a foreign corporation doing business in Utah.

22.     The formation of Counterclaim Defendant Signs.com in Delaware and the securing of license to do business in Utah were made by Counterclaim Defendant Creative Color without the knowledge or authorization of SA International.

23.     Counterclaim Defendants Creative Color and Sign.com, Inc., and Third-Party Defendant Ferrari, Inc., are located a mere nine (9) miles apart.

24.     On information and belief, the proximity in the same business community means that on or about October 23, 2012, when Counterclaim Defendant Creative Color began using signs.com (and under the direct or indirect direction and/or control of the Individual Third-Party Defendants, launched a competitive website using the moribund domain name and service mark SIGNS.COM to sell directly competitive goods and offer directly competitive services), it was with knowledge of SA International's prior long use of **SIGN.COM™** and its website

www.sign.com, and willfully intended to trade off and palm off of SA International where it had clearly gone before.

25. On December 31, 2012, SA International, by its attorneys, sent a letter to Creative Color, Signs.com, Kirk Green, Melvin Green, Spanenberg, and McGee demanding they cease infringement and their acts of unfair competition (attached hereto as **Exhibit C**).

26. In response to this letter, Counterclaim Defendants commenced this declaratory judgment action.

27. Counterclaim Defendants and Third-Party Defendants are continuing to use the domain name, trade name service mark, and trademark SIGNS.COM in commerce, thereby infringing upon SA International's rights which are exacerbated by their physical proximity.

**First Claim For Relief**
(*False Designations of Origin and False Description and Representations in Commerce*)

28. This claim for relief arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under §§ 1114, 1116, 1118, and 1125(a) and is to remedy trademark infringement, false designations of origin, and false description and representations in commerce.

29. SA International repeats and re-alleges the contents of all prior paragraphs as though fully set forth herein.

30. The use by Counterclaim and Third-Party Defendants of the SIGNS.COM domain name, trade name, service mark, and trademark as shown in **Exhibit B** is likely to cause

confusion and mistake and deceive the trade and public as to the source or origin of SA International's services.

31.     Counterclaim and Third-Party Defendants use of the domain name, trade name, service mark, and trademark SIGNS.COM is calculated to deceive and/or is likely to deceive the trade and public into believing that:

a.   Counterclaim and Third-Party Defendants' goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are, in fact, goods and services provided by SA International, or

b.   Counterclaim and Third-Party Defendants' goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are substantially similar to the goods and services bearing the domain name, domain name, trade name, service mark, and trademark **SIGN.COM** provided by Counterclaim and Third-Party Plaintiff SA International, or

c.   Counterclaim and Third-Party Defendants' goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are, in some manner, sponsored or licensed by SA International, or

d.   there exists some other relationship between SA International and Counterclaim and Third-Party Defendants where none in fact exists.

32.     The actions and/or appearances by Counterclaim and Third-Party Defendants constitute infringement of SA International's common law service mark and trademark rights and constitute unfair competition with SA International.

33.     Such use by Counterclaim and Third-Party Defendants referred herein will continue to cause and will be likely to cause injury to the business reputation of SA International by confusing the trade and public into the belief that the goods and/or services provided by Counterclaim and Third-Party Defendants originated from, are sponsored by, or otherwise have some connection with SA International and by leading the trade and the general public to believe, upon seeing goods and/or services that the nature of SA International's quality has now changed or to include goods and/or services of Counterclaim and Third-Party Defendants.

34.     Counterclaim and Third-Party Defendants have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

35.     SA International has no adequate remedy at law.

36.     Unless restrained, Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of SA International by offering services and/or selling similarly damaged and/or infringing goods.

## Second Claim For Relief
### (*False and Deceptive Advertising Under the Lanham Act*)

37.     This claim for false and deceptive advertising of SA International and SA International's service mark and trademark **SIGN.COM** and arises under the Trademark Laws of the United States.

38. SA International repeats and re-alleges the contents of all prior paragraphs as though fully set forth herein.

39. Counterclaim and Third-Party Defendants' sale of goods and offering of services using the domain name, trade name, service mark, and trademark SIGNS.COM as aforesaid is false advertising and damages SA International by the offering of their services and sale of goods.

40. Counterclaim and Third-Party Defendants' use of SIGNS.COM is false and deceptive and intended and likely to deceive the trade and the public by misrepresenting the nature, characteristic, and quality of SA International goods and services and constitutes thereby trade disparagement and false and deceptive advertising.

41. Counterclaim and Third-Party Defendants have damaged or will damage SA International in a sum not presently known but reasonably believed to be in excess of Twenty Million ($20,000,000) Dollars.

42. SA International has no adequate remedy at law.

43. Unless restrained Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of Plaintiff by selling similarly damaged goods.

### **Third Claim For Relief**
#### (*Common Law Unfair Competition and for Palming Off*)

44. This claim for relief is for common law unfair competition and, more particularly, for palming off. Jurisdiction is conferred on this court in that this is a claim for relief for unfair competition which is joined to a substantially related claim arising out of trademark laws of the United States as set forth hereinabove.

45.     SA International repeats and re-alleges the contents of all prior paragraphs as though fully set forth herein.

46.     Counterclaim and Third-Party Defendants' use of the imitation and copying of SA International's domain name, trade name, service mark, and trademark **SIGN.COM** was, upon information and belief, willful and intended to palm off Counterclaim and Third-Party Defendants' goods and services as those of SA International.

47.     Counterclaim and Third-Party Defendants without the consent of SA International, have used and are using SIGNS.COM, which is substantially identical to SA International's domain name, trade name, service mark, and trademark **SIGN.COM** and have and are using the same in the sale of goods offering services in connection with the sale of signs and graphical components and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods and services.

48.     Counterclaim and Third-Party Defendants have and will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

49.     SA International has no adequate remedy at law.

50.     Unless restrained Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of SA International by providing and selling similar goods and/or services.

**Fourth Claim For Relief**
(*Common Law Trademark Infringement*)

51.     This claim for relief is for common law trademark infringement. Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(b) in that this is a claim for relief for unfair competition which is joined to a substantially related claim arising under the trademark laws of the United States, as set forth in the First Claim for Relief.

52.     SA International repeats and re-alleges the contents of all prior paragraphs as though fully set forth herein.

53.     The quality of SA International's goods and services is carefully controlled by SA International so as to provide the purchasing public, including the retail and wholesale trade, with goods and/or services of the highest quality.

54.     Counterclaim and Third-Party Defendants' use of the domain name, trade name, service mark, and trademark SIGNS.COM is an infringement and trades upon the proprietary rights of SA International in its domain name, trade name, service mark, trademark.  Thus, the use by Counterclaim and Third-Party Defendants will and does tend to diminish and devalue the worth of the domain name, trade name, service mark, and trademark of **SIGN.COM**.

55.     SA International has no control and is not able to exercise any control over the quality of the services offered and goods sold by Counterclaim and Third-Party Defendants identified by the domain name, trade name, service mark, and trademark SIGNS.COM and any inferior goods or services of Counterclaim and Third-Party Defendants will tarnish the domain name, trade name, trademark, service mark **SIGN.COM** and reputation of SA International in connection with its business.

56.     The use by Counterclaim and Third-Party Defendants of the substantially identical domain name, trade name, trademark, service mark SIGNS.COM will cause, unless enjoined by this Court, the wholesale and retail trade and public to no longer associate the domain name, trade name, trademark, service mark SIGN.COM with SA International.

57.     Counterclaim and Third-Party Defendants have or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

58.     SA International has no adequate remedy at law.

59.     Unless restrained, Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

<u>**Fifth Claim For Relief**</u>
(***Trademark Infringement Under Title 70-3a-101 et. seq. of the Utah Code***)

60.     This claim for relief arises under the trademark laws of the State of Utah and, more particularly, Title 70-3a-101, et. seq., and arises out of the same occurrences and transactions as set forth in connection with the First Claim for Relief.

61.     SA International repeats and re-alleges the contents of all prior paragraphs as though fully set forth herein.

62.     Counterclaim and Third-Party Defendants, have, without the consent of SA International, used SIGNS.COM, which is confusingly similar to SA International's domain name, trade name, service mark, and trademark SIGN.COM, and have used the same in the offering of services and sale, offering for sale, and advertising of signs and graphical components

and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods.

63.    Counterclaim and Third-Party Defendants have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

64.    SA International has no adequate remedy at law.

65.    Unless restrained Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

**Sixth Claim For Relief**
***(Trademark Dilution Under Title 70-3a-403, et. seq. of the Utah Code)***

66.    This claim for relief arises under the trademark laws of the State of Utah and, more particularly, Title 70-3a-403, et. seq., and arises out of the same occurrences and transactions as set forth in connection with the First Claim for Relief.

67.    SA International repeats and re-alleges the allegations set forth in all prior paragraphs as if fully set forth herein.

68.    Counterclaim and Third-Party Defendants without the consent of SA International, have used SIGNS.COM which is substantially confusingly similar to the SA International's domain name, trade name, service mark, and trademark SIGN.COM and have used the same in the sale, offering for sale, and advertising of graphic components for signs and signs, as set forth above, and is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of the goods and services of SA International.

69.     Counterclaim and Third-Party Defendants have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

70.     SA International has no adequate remedy at law.

71.     Unless restrained Counterclaim and Third-Party Defendants will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

**<u>Seventh Claim For Relief</u>**
***(Tortious Interference with Prospective Business Advantage)***

72.     This is a claim for relief from Counterclaim and Third-Party Defendants' tortious interference with prospective business advantages and arises out of the same occurrences and transactions as set forth in connection with the First Claim for Relief.

73.     SA International repeats and re-alleges the allegations of all prior paragraphs as if set fully forth herein.

74.     At all times herein relevant, Counterclaim and Third-Party Defendants have been aware or reasonably should have been aware that SA International owns all right, title, and interest in and the **SIGN.COM** domain name, trade name, service mark and trademark used by SA International in connection with its goods and services.

75.     At all times herein relevant, Counterclaim and Third-Party Defendants have been aware or reasonably should have been aware that SA International intends to further promote and expand its existing business under the domain name and identified by the trade name, service mark and trademark **SIGNS.COM.**

21

76.     On information and belief, Counterclaim and Third-Party Defendants with knowledge of this ongoing and intended business plans, had created the Delaware corporation Signs.com, Inc., qualified the Delaware corporation to do business in this state, and began actively using the moribund domain name signs.com.

77.     SA International has been and will be injured in its business as a direct and proximate result of the aforesaid unlawful activities by Counterclaim and Third-Party Defendants in an amount not presently known but believed to be in excess of twenty million dollars ($20,000,000.00) .

78.     On information and belief, Counterclaim and Third-Party Defendants have been guilty of oppression, fraud, and malice in doing the aforementioned unlawful acts.

79.     SA International has no adequate remedy at law.

80.     The conduct of Counterclaim and Third-Party Defendants has caused, and if not enjoined, will continue to cause irreparable damage to the rights of SA International in its business reputation and good will.

81.     Plaintiff is entitled to exemplary damages in an amount in excess of three million dollars ($3,000,000.00) and the award of attorneys' fees.

### PRAYER FOR RELEIF

**WHERFORE**, Defendant, Counterclaim Plaintiff and Third-Party Plaintiff SA International, Inc., demands:

1.     Judgment jointly and severally against Plaintiff and Counterclaim Defendants Signs.com, Inc., and Creative Color Services, Inc.:

2.     Dismissing, in its entirety, the complaint of Signs.com, Inc., and Creative Color Services, Inc., with costs and attorneys' fees.

3.     Ordering Plaintiff and Counterclaim Defendants Signs.com, Inc., and/or Creative Color Services, Inc., to transfer the domain name registration of SIGNS.COM to SA International, Inc.

4.     Judgment against Plaintiff and Counterclaim Defendants Signs.com, Inc., and Creative Color Services, Inc., and Third-Party Defendants Ferrari Color, Inc., Blake Green, Kirk Green, Melvin C. Green, Danny R. Spanenberg, and J. Martin McGhie, jointly and severally, and with their respective agents, employees, and attorneys to be:

5.     Temporarily and permanently enjoining them from selling and offering services and the sale signs, sign components under the domain name, trade name, service mark, and trademark SIGNS.COM and any term or terms or mark confusingly similar thereto.

6.     Ordered to deliver up for destruction all materials in its possession or under their control bearing the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto.

7.     Ordering to recall all goods bearing the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto from any customer.

8.     Be required to account and pay over to SA International, Inc., all gains, profits, and advantages derived from their use of the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto.

9.      Be required to pay to SA International, Inc., in addition, the damages SA International has sustained by reason of said infringements.

10.      Provide an accounting to SA International, Inc., of all the profits derived by them for the damages sustained by SA International, Inc., by reason of their wrongful acts complained of herein.

11.      The court to enter judgment for SA International, Inc., and said judgment, because of the willful nature of the trademark infringement under the laws of Utah, said amount  be trebled and include, as well, reasonable attorneys' fees and award exemplary damages.  With interest, reasonable attorneys' fees, and the costs and disbursements as appropriate in this action.

DATED this 1st day of March, 2013.

**WRONA LAW FIRM, P.C.**


/s/ Joseph E. Wrona
Joseph E. Wrona
Attorneys for Defendant and Counterclaim Plaintiff,
SA International, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2013, a true and correct copy of the above

and foregoing was served via ECF on the following:

Charles J. Veverka
MASCHOFF GILMORE & ISRAELSEN
1389 Center Drive, Suite 300
Park City, Utah  84098
cveverka@mgiip.com

/s/ Andi Sanchez
