**MASCHOFF BRENNAN**
Larry R. Laycock (#04868)
C. J. Veverka (# 07110)
Rachel Jacques (#13250)
1389 Center Drive, Suite 300
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: llaycock@mabr.com
E-mail: cveverka@mabr.com
E-mail: rjacques@mabr.com

*Attorneys for Plaintiffs Signs.com, Inc. and Ferrari Color D/B/A/*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SIGNS.COM, INC., a Delaware corporation, and FERRARI COLOR, a Utah D/B/A, <br><br> Plaintiffs, <br><br> v. <br><br> SA INTERNATIONAL INC., a Delaware corporation, <br><br> Defendant. | **PLAINTIFFS SIGNS.COM, INC. AND FERRARI COLOR, D/B/A/'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS** <br><br> Case No. 2:13-cv-00036-RJS <br><br> Magistrate Judge Robert J. Shelby |

Plaintiffs and Counterclaim Defendants Signs.com, Inc. ("Signs.com") and Ferrari Color D/B/A/ ("Ferrari Color") (collectively "Plaintiffs"), by and through counsel, hereby Answer the numbered paragraphs of Defendant SA International Inc.'s ("Defendant") Answer, Affirmative Defenses as follows:

## THE PARTIES

1. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Defendant's Counterclaims and therefore deny the same.

2. Plaintiff Ferrari Color admits that it is a D/B/A/ of Creative Color Services, Inc., a Utah company with offices at 1550 South Gladiola Street, Salt Lake City, Utah, and that it has commenced this action under the name of Ferrari Color. Plaintiffs admit that as part of its business it provides, *inter alia*, digital graphic production facilities and grand format printing for areas including, *inter alia*, Salt Lake City, Utah. Plaintiff Ferrari color denies the remaining allegations of the paragraph 2 of Defendant's Counterclaims.

3. Plaintiff Signs.com admits that it is a Delaware corporation registered to do business in Utah. Plaintiff Signs.com denies the remaining allegations of paragraph 3 of Defendant's Counterclaims.

4. Plaintiffs admit that they have offices at 1550 South Gladiola Street, Salt Lake City, Utah, and that Ferrari Color Inc. also has office space at this address. Plaintiffs admit that the website *http://www.ferraricolor.com/about-us/company-overview* exists and that the content of the website speaks for itself. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of Defendant's Counterclaims and therefore deny the same.

5. Plaintiffs admit that Kirk Green, Melvin Green, Spangenberg and McGhie are officers and/or directors of Creative Color Services Inc. and maintain offices at 1550 South Gladiola Street, Salt Lake City, Utah. Plaintiffs specifically deny that Blake Green is an officer and/or direct of Creative Color Services Inc. and that Plaintiffs have committed any wrongful

acts. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of Defendant's Counterclaims and therefore deny the same.

## JURISDICTIONAL STATEMENT

6. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Defendant's Counterclaims and therefore deny the same.

7. Plaintiffs admit that they conduct business in this district. Plaintiffs deny the remaining allegations of paragraph 7 of Defendant's Counterclaims.

## ALLEGATIONS RELEVANT TO CLAIMS

8. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Defendant's Counterclaims and therefore deny the same.

9. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Defendant's Counterclaims and therefore deny the same.

10. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of Defendant's Counterclaims and therefore deny the same.

11. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Defendant's Counterclaims and therefore deny the same.

12. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of Defendant's Counterclaims and therefore deny the same.

13. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Defendant's Counterclaims and therefore deny the same.

14. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of Defendant's Counterclaims and therefore deny the same.

15. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of Defendant's Counterclaims and therefore deny the same.

16. Plaintiffs admit that Creative Color Services Inc. was formed in 1987 and that its business includes digital graphic production facilities and grand format printing. Plaintiffs deny that Creative Color Services Inc.'s business is limited to Salt Lake City, Utah.

17. Plaintiffs incorporate their response to paragraph No. 5 above herein by reference. Plaintiffs specifically deny that they have committed wrongful acts and that Signs.com is a subsidiary of Creative Color Services Inc. as alleged in paragraph 17 of Defendant's Counterclaims. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of Defendant's Counterclaims and therefore deny the

4

same. Paragraph 17 of Defendant's Counterclaims further includes legal conclusions that do not require a response.

18. Plaintiffs admit that Creative Color Services Inc. purchased the domain signs.com on or about May 14, 1997. Plaintiffs specifically deny the remaining allegations contained in paragraph 18 of Defendant's Counterclaims.

19. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Defendant's Counterclaims and therefore deny the same.

20. Plaintiffs specifically deny that "Counterclaim Defendant Creative Color formed Counterclaim Defendant Signs.com in the State of Delaware on April 23, 2012." Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of Defendant's Counterclaims and therefore deny the same.

21. Paragraph 21 of Defendant's Counterclaims states a legal conclusion that does not require a response.

22. Plaintiffs incorporate herein by reference the response contained in paragraph 21 herein by reference. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of Defendant's Counterclaims and therefore deny the same.

23. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Defendant's Counterclaims and therefore deny the same. Paragraph 23 is also unintelligible and on that basis Plaintiffs deny the allegations of paragraph 23.

24. Plaintiffs deny the allegation of paragraph 24 of Defendant's Counterclaims Paragraph 24 is also unintelligible and on that basis Plaintiffs deny the allegations of paragraph 24.

25. Plaintiffs deny that Defendant sent a letter to Creative Color Services Inc. and Plaintiff Signs.com on December 31, 2012 as stated in paragraph 25 of Defendant's Counterclaims. Plaintiffs admit that the document attached as Exhibit C speaks for itself.

26. Plaintiffs initiated this action on January 16, 2013, in part, in response to the letter attached as Exhibit C to Defendant's Answer, Affirmative Defenses and Third Party Complaint. Plaintiffs deny the remaining allegations of paragraph 26 of Defendant's Counterclaims.

27. Plaintiffs admit that Plaintiff Signs.com presently uses the domain name and word formative SIGNS.COM in commerce. Plaintiffs deny the remaining allegations of paragraph 27 of Defendant's Counterclaims.

## FIRST CLAIM FOR RELIEF

28. Plaintiffs admit that Defendant purports to bring a cause of action under 15 U.S.C. §§ 1051 et seq., and specifically, §§ 1114, 1116, 1118, and 1125(a). Plaintiffs deny the remaining allegations of paragraph 28 of Defendant's Counterclaims.

29. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

30. Plaintiffs deny the allegations of paragraph 30 of Defendant's Counterclaims.

31. Plaintiffs deny the allegations of paragraph 31 of Defendant's Counterclaims including the allegations of subparagraphs 31(a)-(d).

32. Plaintiffs deny the allegations of paragraph 32 of Defendant's Counterclaims.

33. Plaintiffs deny the allegations of paragraph 33 of Defendant's Counterclaims.

34. Plaintiffs deny the allegations of paragraph 34 of Defendant's Counterclaims.

35. Plaintiffs deny the allegations of paragraph 35 of Defendant's Counterclaims.

36. Plaintiffs deny the allegations of paragraph 36 of Defendant's Counterclaims.

## SECOND CLAIM FOR RELIEF

37. Plaintiffs admit that Defendant purports to bring a cause of action under the Trademark Laws of the United States for false and deceptive advertising. Plaintiffs deny the remaining allegations of paragraph 37 of Defendant's Counterclaims.

38. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

39. Plaintiffs deny the allegations of paragraph 39 of Defendant's Counterclaims.

40. Plaintiffs deny the allegations of paragraph 40 of Defendant's Counterclaims.

41. Plaintiffs deny the allegations of paragraph 41 of Defendant's Counterclaims.

42. Plaintiffs deny the allegations of paragraph 42 of Defendant's Counterclaims.

43. Plaintiffs deny the allegations of paragraph 43 of Defendant's Counterclaims.

## THIRD CLAIM FOR RELIEF

44. Plaintiffs admit that Defendant purports to bring a cause of action for common law unfair competition. Plaintiffs deny the remaining allegations of paragraph 44 of Defendant's Counterclaims.

45. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

46. Plaintiffs deny the allegations of paragraph 46 of Defendant's Counterclaims.

47. Plaintiffs deny the allegations of paragraph 47 of Defendant's Counterclaims.

48. Plaintiffs deny the allegations of paragraph 48 of Defendant's Counterclaims.

49. Plaintiffs deny the allegations of paragraph 49 of Defendant's Counterclaims.

50. Plaintiffs deny the allegations of paragraph 50 of Defendant's Counterclaims.

## FOURTH CLAIM FOR RELIEF

51. Plaintiffs admit that Defendant purports to bring a cause of action for common law trademark infringement.  Plaintiffs deny the remaining allegations of paragraph 51 of Defendant's Counterclaims.

52. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

53. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations of paragraph 53 of Defendant's Counterclaims and therefore deny the same.

54. Plaintiffs deny the allegations of paragraph 54 of Defendant's Counterclaims.

55. Plaintiffs admit that Defendant has no control and does not exercise any control over the quality of services and goods offered by Plaintiffs.  Plaintiffs deny the remaining allegations of paragraph 55 of Defendant's Counterclaims.

56. Plaintiffs deny the allegations of paragraph 56 of Defendant's Counterclaims.

57. Plaintiffs deny the allegations of paragraph 57 of Defendant's Counterclaims.

58. Plaintiffs deny the allegations of paragraph 58 of Defendant's Counterclaims.

59. Plaintiffs deny the allegations of paragraph 59 of Defendant's Counterclaims.

## FIFTH CLAIM FOR RELIEF

60. Plaintiffs admit that Defendant purports to bring a cause of action for trademark infringement under the laws of the State of Utah.  Plaintiffs deny the remaining allegations of paragraph 60 of Defendant's Counterclaims.

61.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

62.     Plaintiffs deny the allegations of paragraph 62 of Defendant's Counterclaims.

63.     Plaintiffs deny the allegations of paragraph 63 of Defendant's Counterclaims.

64.     Plaintiffs deny the allegations of paragraph 64 of Defendant's Counterclaims.

65.     Plaintiffs deny the allegations of paragraph 65 of Defendant's Counterclaims.

**SIXTH CLAIM FOR RELIEF**

66.     Plaintiffs admit that Defendant purports to bring a cause of action for trademark dilution under the laws of the State of Utah.  Plaintiffs deny the remaining allegations of paragraph 66 of Defendant's Counterclaims.

67.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

68.     Plaintiffs deny the allegations of paragraph 68 of Defendant's Counterclaims.

69.     Plaintiffs deny the allegations of paragraph 69 of Defendant's Counterclaims.

70.     Plaintiffs deny the allegations of paragraph 70 of Defendant's Counterclaims.

71.     Plaintiffs deny the allegations of paragraph 71 of Defendant's Counterclaims.

**SEVENTH CLAIM FOR RELIEF**

72.     Plaintiffs admit that Defendant purports to bring a cause of action for tortious interference with prospective business advantages.  Plaintiffs deny the remaining allegations of paragraph 72 of Defendant's Counterclaims.

73.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

74.     Plaintiffs deny the allegations of paragraph 74 of Defendant's Counterclaims.

75. Plaintiffs deny the allegations of paragraph 75 of Defendant's Counterclaims.

76. Plaintiffs deny the allegations of paragraph 76 of Defendant's Counterclaims.

77. Plaintiffs deny the allegations of paragraph 77 of Defendant's Counterclaims.

78. Plaintiffs deny the allegations of paragraph 78 of Defendant's Counterclaims.

79. Plaintiffs deny the allegations of paragraph 79 of Defendant's Counterclaims.

80. Plaintiffs deny the allegations of paragraph 80 of Defendant's Counterclaims.

81. Plaintiffs deny the allegations of paragraph 81 of Defendant's Counterclaims.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

Plaintiffs further deny each and every allegation in Defendant's Answer, Affirmative Defenses, and Third Party Complaint that was not specifically admitted, denied or otherwise responded to herein. Plaintiffs specifically deny that Defendant is entitled to any relief whatsoever from Plaintiffs or the Court, as requested in Defendant's Prayer for Relief or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Defendant fails to state a counterclaim against Plaintiffs upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred under the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred under the doctrine of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has waived any Counterclaims it now alleges against Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has failed to reasonably mitigate its alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by Defendant's knowledge, constructive knowledge or acceptance of the facts on which it bases its counterclaims against Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by Defendant's knowledge, constructive knowledge or acceptance of the facts on which it bases its Counterclaims against Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendant suffered any injury or damage as alleged in its Counterclaims or prayer for relief, such injury or damage was caused, in whole or in part, by the intentional acts, omissions, recklessness, carelessness or negligence of Defendant and Defendant's damages, if any, against Plaintiffs should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part on the ground that Defendant has not been sufficiently damaged to obtain any requested relief.

### TENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part because Plaintiffs have not infringed Defendant's purported trademark or proprietary rights under federal or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part because Defendant has not established common law trademark or proprietary rights in the domain name, trade name or alleged trademark SIGN.COM.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims against Plaintiffs are vague, uncertain, ambiguous and unintelligible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because Defendant's Counterclaims are uncertain, Plaintiffs expressly reserves the right to allege additional affirmative defenses.

Dated this 22nd day of March, 2013.

                                                **MASCHOFF BRENNAN**

                                                */s/ C.J. Veverka*
                                                C.J. Veverka

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March, 2013, I caused a true and correct copy of the foregoing document to be filed with the Clerk of Court and served on all counsel of record via CM/ECF.

                                              */s/ C.J. Veverka*
                                              C.J. Veverka