**FURGANG & ADWAR, L.L.P.**
Philip Furgang
Armando Llorens
1325 Avenue of the Americas
      28th Floor
New York, NY 10019
Tel: 212-725-1919
Fax: 212-941-9711
e-mail: _philip@furgang.com_
e-mail: _armando@furgang.com_
and
**Wrona Law Firm**
Joseph E. Wrona
1745 Sidewinder Drive
Park City, Utah 84060
435-649-2525
wrona@wronalawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

----------------------------------------------------------------------X 13-cv-00036-EJF

SIGNS.COM, INC., and FERRARI COLOR,

                                     Plaintiffs,

     -against-

SA INTERNATIONAL, INC.,

                                 Defendant.

----------------------------------------------------------------------X

SA INTERNATIONAL INC.,

          Counterclaim and Third Party Plaintiff,

          -against-

SIGNS.COM, INC. and CREATIVE COLOR SERVICES, INC.
(dba FERRARI COLOR),

**FIRST AMENDED
ANSWER, AFFIRMATIVE
DEFENSES, AND
THIRD-PARTY
COMPLAINT**


**JURY DEMANDED**

-1-

Counterclaim Defendants,

-and-

FERRARI COLOR, INC., BLAKE GREEN, KIRK GREEN,
MELVIN C. GREEN, DANNY R. SPANENBERG, and
J. MARTIN McGHIE,

Third-Party Defendants.

------------------------------------------------------------------------------------------X

Defendant, Counterclaim Plaintiff,  and Third-Party Plaintiff SA INTERNATIONAL INC.[1] by its attorneys, Answers the Complaint of Plaintiffs Signs.com, Inc., and Ferrari Color (the assumed name of Creative Color Services, Inc.) and in which each numbered paragraph of the Answer corresponds to the same numbered paragraph of the Complaint, that it:

## ANSWER

### Parties

1.      Admits ¶ 1 of the Complaint.

2.      Denies each and every allegation and specifically that there is a legal entity as Plaintiff Ferrari Color as alleged in ¶ 2 of the Complaint.

3.      Admits that Defendant SA International Inc. has a place of business at 5296 S. Commerce Drive, Suite 102 as alleged in ¶ 3 of the compliant but denies the remainder of the allegations.

### Jurisdiction and Venue

4.      Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 4 of the Complaint.

---

[1] Defendant's name does not have a comma between INTERNATIONAL and INC.

5.      Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 5 of the Complaint.

6.      Admits the allegations of ¶ 6 of the Complaint.

7.      Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 7 of the Complaint.

## Background

8.      Admits or denies the allegations of ¶¶ 1 through 7 of the Complaint as set forth above as if repeated herein.

9.      Is without knowledge to form a belief and, therefore, denies the allegations of ¶ 9 of the Complaint.

10.      Denies the allegations of ¶ 10 of the Complaint.

11.      Denies the allegations of ¶ 11 of the Complaint in so far as it alleges only part of plaintiff's business activities.

12.      Denies the allegations of ¶ 12 of the Complaint.

13.      Denies the allegations of ¶ 13 of the Complaint.

14.      Denies the allegations of ¶ 14 of the Complaint.

15.      Denies the allegations of ¶ 15 of the Complaint.

16.      Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶16 of the Complaint.

17.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶17 of the Complaint.

18.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶18 of the Complaint.

19.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶19 of the Complaint.

20.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶20 of the Complaint.

21.     Denies the allegations of ¶ 21 of the Complaint.

22.     Denies the allegations of ¶ 22 of the Complaint.

23.     Admits the allegation of ¶ 23 of the Complaint.

24.     Admits the allegation of ¶ 24 of the Complaint.

25.     Denies the allegations of ¶ 25 of the Complaint.

## Count One

26.     Admits or denies the allegations of ¶¶ 1 through 25 of the Complaint as set forth above as if repeated herein.

27.     Denies the allegations of ¶ 27 of the Complaint made as of the date of the commencement of this action.

28.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶28 of the Complaint.

29.     Denies each and every allegation of ¶ 29 of the Complaint.

<div align="center">**Count Two**</div>

30.     Admits or denies the allegations of ¶¶ 1 through 29 of the Complaint as set forth above as if repeated herein.

31.     Denies the allegations of ¶ 31 of the Complaint as of the date of the commencement of this action.

32.     Admits the letter, attached as Exhibit A to the Complaint, and refers the Court to the letter which speaks for itself and denies each and every other allegation of ¶ 32 of the Complaint.

33.     Denies the allegations of ¶ 33 of the Complaint made as of the date of the commencement of this action.

34.     Can neither admit nor deny the statements in ¶ 34 of the Complaint in that it is a prayer for relief and has no allegations.

35.     Can neither admit nor deny the statements in ¶ 35 of the Complaint in that it is a prayer for relief and has no allegations.

<div align="center">**<u>AFFIRMATIVE DEFENSES</u>**</div>

<div align="center">**<u>FOR A FIRST AFFIRMATIVE DEFENSE</u>**</div>

36.     The Complaint fails to state a claim against defendants upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

37.   This Court lacks jurisdiction over the subject matter of this action.

## FOR A THIRD AFFIRMATIVE DEFENSE

38.   Has priority of first use in commerce of the trade name, service mark, and trademark SIGN.COM as against any trade name, service mark, and trademark use of SIGNS.COM or any other term or phrase confusingly similar thereto by Plaintiff.

## FOR A FOURTH AFFIRMATIVE DEFENSE

39.   Plaintiffs' conduct, including, but not limited to, the commencement of this action constitutes unclean hands barring any relief sought in the Complaint.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

40.   Counterclaim and Third-Party Plaintiff SA International Inc. (hereafter "SA International") complains of Counterclaim Defendants Signs.com and Creative Color Services, Inc., (dba Ferrari Color and hereafter "Creative Color") (also referred to as "Counterclaim Defendants" or "corporate Counterclaim Defendants" and Third-Party Defendants Ferrari Color, Inc., (hereafter "Ferrari Inc." [2]) (also referred to as "corporate Third-Party Defendant") and Blake Green, Kirk Green, Melvin C. Green (hereafter "Melvin Green:), Danny R. Spanenberg (hereafter "Spanenberg"), and J. Martin McGhie (hereafter "McGhie") (collectively the "Individual Third-Party Defendants"):

---

[2] "Ferrari Inc." is used to avoid confusion with Creative Color's assumed name Ferrari Color.

## The Parties

41.     Counterclaim and Third-Party Plaintiff SA International Inc. (hereafter "SA International") is a corporation of the State of Pennsylvania SA International having its international headquarters and its principal place of business at 5296 South Commerce Drive, Murray, Utah 84107.  A significant part of SA International's world-wide business is devoted to publishing software for use in making signs and for providing graphical components for use in making signs. In addition to its world headquarters in Murray, Utah, it has offices in a several foreign countries.

42.     Counterclaim Defendant Creative Color is a corporation of the State of Utah with offices at 1550 South Gladiola Street, Salt Lake City, Utah.  It does business under the assumed name Ferrari Color and has commenced this action under that assumed name.  It operates a graphics print shop which, upon information and belief, serves Salt Lake City, Utah.

43.     Counterclaim Defendant Signs.com, Inc. (hereafter "Signs.com") is a corporation of the state of Delaware licensed as a foreign corporation to do business in the state of Utah, is, upon information belief, owned by Counterclaim Defendant Creative Color and is a direct but smaller competitor of the important segment of SA International's business which provides graphical components for use in the making of signs.

44.     Third-Party Defendant Ferrari Inc. is incorporated under the laws of the State of California, but, upon information and belief, is unlicensed to do business in the State of Utah. Upon information and belief, it has offices at Plaintiff and Counterclaim Defendant Creative Color in Salt Lake City, Utah.  According to Ferrari, Inc.'s website, http://www.ferraricolor.com/about-us/company-overview, Third-Party Defendants Ferrari, Inc., and Creative Color, as of 2001,

became a "blend of [the] two … companies" with Ferrari, Inc., based in Sacramento, California, and having another shop in San Francisco, California, and Creative Color having its shop in Salt Lake City, Utah, as alleged.

46. 45. Third-Party Defendants Blake Green, Kirk Green, Melvin C. Green, Spanenberg, and McGhie are Individuals who are, upon information and belief, officers and/or directors of Creative Color and/or Ferrari, Inc., (said Individuals are referred to hereinafter jointly and severally as "Individual Third-Party Defendants") and, upon information and belief, maintain offices at Creative Color and are directly responsible of the wrongful acts of Creative Color, Ferrari, Inc., and Signs.com.

## Jurisdictional Statement

46. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1338(a), (b), 15 U.S.C. §§ 1114, 1116 - 1118, 1121 and 1125(a), and the Court's pendent jurisdiction.

47. Venue is proper pursuant to 28 U.S.C. § 1391 in that the Plaintiffs and Counterclaim Defendants and Third-Party Defendants do business in this district which is where the acts complained of took and are taking place.

## Allegations Relevant To Claims

### A. Counterclaim and Third-Party Plaintiff SA International's Rights in the Trade Name, Service Mark, and Trademark SIGN.COM

48. Beginning in 1988, SA International, through its predecessors, began publishing software used for the manufacture of signs. This software is used to control printers, cutters, and other equipment and has been and is sold to businesses who either internally make signs for their own use or for businesses who make signs for resale. SA International's goods and services have

been and are being provided to in excess of 50,000 graphic shops across the United States as well as many other such facilities world-wide.

49.     Over time, SA International's business has expanded to include the service of selling sign components which are used in creating signs such as templates for sign design, instructional guides for sign making, background artwork for signs, principle artwork for signs, and the like.

50.     Aside from the acts complained of herein, SA International is and has been, since at least as early as March 2008, the exclusive user of the trade name, service mark, and trademark SIGN.COM™ to identify the sale of downloadable components for use in making signs, including artwork; principal artwork; templates for the creation of signs, background artwork; background and software for the creation and manufacture of signs.

### B. Counterclaim and Third-Party Plaintiff SA International's Maintenance of its Trade Name, Service Mark, and Trademark Rights in SIGN.COM™

51.     From the very beginning that it introduced its domain name, trade name, service mark, and trademark  SIGN.COM in 2008, SA International has caused its domain name, trade name, service mark, and trademark to be promoted via the Internet both in the US and internationally through sales to the sign making trade and other consumers

52.     SA International's domain name, trade name, service mark, and trademark SIGN.COM (attached hereto as Exhibit A) is intimately associated with its goods and services and its goods and services are known by the domain name, trade name, service mark, and trademark and is distinguished thereby from the trademarks of others since at least as early as March 2008.

53.    SA International has continuously used the domain name, trade name, service mark, and trademark SIGN.COM in commerce controlled by Congress from its introduction into commerce in the United States from at least as early as March 2008 until the present.

54.    SA International is the sole and exclusive owner in the United States of the domain name, trade name, service mark, and trademark  SIGN.COM to identify its Internet services.

55.    As a result SA International's offering of its services and goods under its domain name, trade name, service mark, and trademark SIGN.COM, the trade and public have come to know SIGN.COM to represent the sale of goods and services of graphical sign components and software therefor in connection therewith to be of the highest quality, and to rely upon the good will and business that SA International has established under the domain name, trade name, service mark, and trademark SIGN.COM for approximately the past five (5) years.

### C. Infringement of SIGN.COM by Counterclaim Defendants Signs.com, and Creative Color, and Third-Party Defendant Ferrari Inc., caused, controlled, and directed by Individual Third-Party Defendants.

56.    Counterclaim Defendant Creative Services was formed in 1987 and operates a graphics print shop for making selling of signs to business and Individuals, which, upon information and belief, serves Salt Lake City, Utah.

57.    Third-Party Defendants Blake Green, Kirk Green, Melvin Green, Spanenberg, and McGee (hereafter jointly and severally "Individuals") are sued here in their capacities which, upon information and belief, are officers and/or directors and active principals of the corporate Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and Third-Party Defendant Ferrari, Inc. , and upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative

Color and its subsidiary Counterclaim Defendant Signs.com, and Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim and Third-Party Defendants.

58.     In or about May 14, 1997, Counterclaim Defendant Creative Color established the domain name www.signs.com. Upon information and belief no Counterclaim Defendant and Third-Party Defendant made use of the domain name and, from at least March 2, 2000, except to post a notice that the domain name was not in use (attached here as Exhibit B).

59.     SA International began using the domain name, trade name, service mark and trademark SIGN.COM in early 2008 for the sale of goods and services as aforesaid and has continually used SIGN.COM for .

60.     In the Spring of 2012, just as SA International began making known its plans to expand its Internet presence by expanding its offerings of graphical components and related goods for use in the creation of signs,.  Counterclaim Defendant Creative Color formed Counterclaim Defendant Signs.com in the State of Delaware on April 23, 2012, which, upon information and belief, was subsequent to it and/or Third-Party Defendants, or any of them, becoming aware of SA International's plans.

61.     On July 5, 2012, Counterclaim Defendant Creative Color submitted Counterclaim Defendant Signs.com to the jurisdiction of Utah in the capacity of a foreign corporation doing business in Utah.

62.     The formation of Counterclaim Defendant Signs.com in Delaware and the securing of license to do business in Utah were made by Counterclaim Defendant Creative Color without the knowledge or authorization of  SA International.

63.   Counterclaim Defendant Creative Color had obtain the domain name www.signs.com in 1997 and, at least in the last 13 years, made no use of that domain name. On or about October 23, 2012, Counterclaim Defendant Creative Color, using Counterclaim Defendant Signs.com, and, upon information and belief, under the direct or indirect direction and/or control of the Individual Third-Party Defendants, launched a competitive website using the moribund domain name and service mark SIGNS.COM.

64.   On December 31, 2012, SA International, by its attorneys, sent a letter to Creative Color, Signs.com, Kirk Green, Melvin Green, Spanenberg, and McGee demanding they cease infringement and their acts of unfair competition (attached hereto as Exhibit C).

65.   In response to this letter, Counterclaim Defendants Signs.com and Creative Services commenced this declaratory judgment action.

66.   Counterclaim and Third-Party Defendants are continuing to use the domain name, trade name service mark, and trademark SIGNS.COM in commerce, thereby infringing upon SA International's rights.

**First Claim For Relief**
**(Against Counterclaim Defendants and Ferrari Inc.)**
**False Designations of Origin and False Description and Representations in Commerce**

67.   This claim for relief arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under §§ 1114, 1116, 1118, and 1125(a) and is to remedy trademark infringement, false designations of origin, and false description and representations in commerce.

68.   SA International repeats and realleges the contents of ¶¶ 1 through 66 as though fully set forth herein.

69.     The use by Counterclaim Defendants and, upon information and belief, Third-Party Defendant Ferrari Inc. of the SIGNS.COM domain name, trade name, service mark, and trademark as shown in Exhibit B is likely to cause confusion and mistake and deceive the trade and public as to the source or origin of SA International's services.

70.     Counterclaim Defendants' and, upon information and belief, Third-Party Ferrari Inc.'s use of the domain  name, trade name, service mark, and trademark SIGNS.COM is calculated to deceive and/or is likely to deceive the trade and public into believing that:

●     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark  SIGNS.COM are, in fact, goods and services provided by SA International, or

●     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are substantially similar to the goods and services bearing the domain name, domain name, trade name, service mark, and trademark SIGN.COM provided by Counterclaim and Third-Party Plaintiff SA International, or

●     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are, in some manner, sponsored or licensed by SA International, or

●     there exists some other relationship between SA International and Counterclaim Defendants and Ferrari Inc. where none in fact exists.

71.     The actions and/or appearances by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. constitutes infringement of SA International's common law service mark and trademark rights and constitutes unfair competition with SA International.

72.     Such use by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. referred herein in will continue to cause and will be likely to cause injury to the business reputation of SA International by confusing the trade and public into the belief that the goods and/or services provided by Counterclaim Defendant originated from, are sponsored by, or otherwise have some connection with SA International and by leading the trade and the general public to believe, upon seeing goods and/or services that the nature of SA International's quality has now changed or to include goods and/or services of Counterclaim Defendants and Ferrari Inc.

73.     Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

74.     SA International has no adequate remedy at law.

75.     Unless restrained Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will continue to cause injury to the business reputation of SA International by offering services and/or selling similarly damaged and/or infringing goods.

## Second Claim For Relief
### (Against Counterclaim Defendants and Ferrari Inc.)
### False and Deceptive Advertising Under the Lanham Act

76.     This claim for false and deceptive advertising of SA International and SA International's service mark and trademark SIGN.COM and arises under the Trademark Laws of the United States.

77.     SA International repeats and realleges the contents of ¶¶ 1 through 75 as though fully set forth herein.

78.     Counterclaim Defendants' and, upon information and belief, Third-Party Defendant Ferrari Inc.'s sale of goods and offering of services using the domain name, trade name, service mark, and trademark SIGNS.COM as aforesaid is false advertising and damages SA International by the offering of their services and sale of goods.

79.     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s use of SIGNS.COM is false and deceptive and intended and likely to deceive the trade and the public by misrepresenting the nature, characteristic, and quality of SA International goods and services and constitutes thereby trade disparagement and false and deceptive advertising.

80.     Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

81.     SA International has no adequate remedy at law.

82.     Unless restrained Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will continue to cause injury to the business reputation of Plaintiff by selling similarly damaged goods.

**Third Claim For Relief**
**(Against Counterclaim Defendants and Ferrari Inc.)**
**Common Law Unfair Competition and for Palming Off**

83.     This claim for relief is for common law unfair competition and, more particularly, for palming off.  Jurisdiction is conferred on this court in that this is a claim for relief for unfair

competition which is joined to a substantially related claim arising out of trademark laws of the United States as set forth in hereinabove.

84.     SA International repeats and realleges the contents of ¶¶ 1 through 82 as though fully set forth herein.

85.     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s use of the imitation and copying of SA International's domain name, trade name, service mark, and trademark SIGN.COM was, upon information and belief, willful and intended to palm off Counterclaim Defendants' goods and services as those of SA International.

86.     Counterclaim Defendants' and Ferrari Inc.'s without the consent of SA International, has used and is using SIGNS.COM, which is substantially identical to SA International's domain name, trade name, service mark, and trademark SIGN.COM and have and are using the same in the sale of goods offering services in connection with the sale of signs and graphical components and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods and services.

87.     Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have and will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

88.     SA International has no adequate remedy at law.

89.     Unless restrained Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will continue to cause injury to the business reputation of SA International by providing and selling similar goods and/or services.

**Fourth Claim For Relief**
**(Against Counterclaim Defendants and Ferrari Inc.)**
**Common Law Trademark Infringement**

90.     This claim for relief  is for common law trademark infringement. Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(b) in that this is a claim for relief for unfair competition which is joined to a substantially related claim arising under the trademark laws of the United States, as set forth in the First Claim for Relief.

91.     SA International repeats and realleges the contents ¶¶ 1 through 89 as though fully set forth herein.

92.     The quality of SA International's goods and services is carefully controlled by SA International so as to provide the purchasing public, including the retail and wholesale trade, with goods and/or services of the highest quality.

93.     Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s use of the domain name, trade name, service mark, and trademark SIGNS.COM is an infringement and trades upon the proprietary rights of SA International in its domain name, trade name, service mark, trademark.  Thus, the use by Counterclaim Defendants Third-Party Defendant Ferrari Inc. will and does tend to diminish and devalue the worth of the domain name, trade name, service mark, and trademark of SIGN.COM.

94.     SA International has no control and is not able to exercise any control over the quality of the services offered and goods sold by Counterclaim Defendants Third-Party Defendant Ferrari Inc. identified by the domain name, trade name, service mark, and trademark SIGNS.COM and any inferior goods or services of Counterclaim Defendants and Third-Party

Defendant Ferrari Inc. will tarnish the domain name, trade name, trademark, service mark SIGN.COM and reputation of SA International in connection with its business.

95.     The use by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. of the substantially identical domain name, trade name, trademark, service mark  SIGNS.COM will cause, unless enjoined by this Court, the wholesale and retail trade and public to no longer associate the domain name, trade name, trademark, service mark SIGN.COM with SA International.

96.     Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

97.     SA International has no adequate remedy at law.

98.     Unless restrained, Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

<div align="center">

**Fifth Claim For Relief**
**(Against Counterclaim Defendants and Ferrari Inc.)**
**Trademark Infringement Under Title 70-3a-101 et. seq. of the Utah Code**

</div>

99.     This claim for relief arises under the trademark laws of the State of Utah and, more particularly, Title 70-3a-101, et. seq., and arises out of the same occurrences and transactions as set forth in connection with the First Claim for Relief.

100.    SA International repeats and realleges the contents of  ¶¶ 1 through ¶ 98 as though fully set forth herein.

<div align="center">-18-</div>

101.    Third-Party Defendants and, upon information and belief, Third-Party Defendant Ferrari Inc. have, without the consent of SA International, used SIGNS.COM, which is confusingly similar to SA International's domain name, trade name, service mark, and trademark SIGN.COM, and have used the same in the offering of services and sale, offering for sale, and advertising of signs and graphical components and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods.

102.    Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

103.    SA International has no adequate remedy at law.

104.    Unless restrained Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

<div align="center">

**Sixth Claim For Relief**
**(Against Individual Third-Party Defendants)**
**False Designations of Origin and False Description and Representations in Commerce**

</div>

105.    This claim for relief arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under §§ 1114, 1116, 1118, and 1125(a) and is to remedy trademark infringement, false designations of origin, and false description and representations in commerce.

106.    SA International repeats and realleges the contents of ¶¶ 1 through 104 as though fully set forth herein.

<div align="center">

-19-

</div>

107.    The use by Counterclaim Defendants and, upon information and belief, Third-Party Defendant Ferrari Inc.'s use of the SIGNS.COM domain name, trade name, service mark, and trademark as shown in Exhibit B is likely to cause confusion and mistake and deceive the trade and public as to the source or origin of SA International's services.

108.    Individual Third-Party Defendants are, upon information and belief, officers and/or directors and active principals of Counterclaim Defendant Creative Color, and/or its subsidiary Counterclaim Defendant Signs.com and/or Third-Party Defendant Ferrari, Inc.  and, upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and/or Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. Individual Third-Party Defendants are, therefore, liable for the acts of the corporate Counterclaim Defendants and/or Third-Party Defendant Ferrari Inc.

109.    Counterclaim Defendants' and, upon information and belief, Third-Party Defendant Ferrari's use of the domain  name, trade name, service mark, and trademark SIGNS.COM is calculated to deceive and/or is likely to deceive the trade and public into believing that:

- Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark  SIGNS.COM are, in fact, goods and services provided by SA International, or

- Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are substantially similar to the goods and services bearing the domain

name, domain name, trade name, service mark, and trademark SIGN.COM provided by Counterclaim and Third-Party Plaintiff SA International, or

- Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services provided or advertised under the domain name, trade name, service mark, and trademark SIGNS.COM are, in some manner, sponsored or licensed by SA International, or

- there exists some other relationship between SA International and Counterclaim Defendants and Third-Party Defendant Ferrari Inc. where none in fact exists.

110.   The actions and/or appearances by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. constitutes infringement of SA International's common law service mark and trademark rights and constitutes unfair competition with SA International.

111.   Such use by Counterclaim Defendants and Third-Party Defendant Ferrari Inc., as upon information and belief, directed  and controlled by the Individual Third-Party Defendants, will continue to cause and will be likely to cause injury to the business reputation of SA International by confusing the trade and public into the belief that the goods and/or services provided by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. originated from, are sponsored by, or otherwise have some connection with SA International and by leading the trade and the general public to believe, upon seeing goods and/or services that the nature of SA International's quality has now changed or to include goods and/or services of Counterclaim Defendants and Third-Party Defendant Ferrari Inc.

112.   Individual Counterclaim Defendants, through their direction and control of Counterclaim Defendants and/or Third-Party Defendant Ferrari Inc., have damaged or will

damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

113.     SA International has no adequate remedy at law.

114.     Unless restrained, Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants, and Third-Party Defendant Ferrari Inc. will continue to cause injury to the business reputation of SA International by offering services and/or selling similarly damaged and/or infringing goods.

<div align="center">

**Seventh Claim For Relief**
**(Against Third-Party Defendants)**
**<u>False and Deceptive Advertising Under the Lanham Act</u>**

</div>

115.     This claim for false and deceptive advertising of SA International and SA International's service mark and trademark SIGN.COM and arises under the Trademark Laws of the United States.

116.     SA International repeats and realleges the contents of ¶¶ 1 through 114 as though fully set forth herein.

117.     Individual Third-Party Defendants, upon information and belief, are officers and/or directors and active principals of the Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and/or upon information and belief, Third-Party Defendant Ferrari, Inc. and, upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim and Third-Party Defendants.

<div align="center">-22-</div>

118.    Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s sale of goods and offering of services using the domain name, trade name, service mark, and trademark SIGNS.COM as aforesaid is false advertising and damages SA International by the offering of their services and sale of goods.

119.    Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s use of SIGNS.COM is false and deceptive and intended and likely to deceive the trade and the public by misrepresenting the nature, characteristic, and quality of SA International goods and services and constitutes thereby trade disparagement and false and deceptive advertising.

120.    Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants and, upon information and belief, Third-Party Defendant Ferrari Inc., have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

121.    SA International has no adequate remedy at law.

122.    Unless restrained Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., will continue to cause injury to the business reputation of S.A. International by selling similarly infringing goods.

**Eighth Claim For Relief**
**(Against Third-Party Defendants)**
**Common Law Unfair Competition and for Palming Off**

123.    This claim for relief is for common law unfair competition and, more particularly, for palming off.  Jurisdiction is conferred on this court in that this is a claim for relief for unfair competition which is joined to a substantially related claim arising out of trademark laws of the United States as set forth in hereinabove.

-23-

124.     SA International repeats and realleges the contents of ¶¶ 1 through 122 as though fully set forth herein.

125.     Individual Third-Party Defendants are, upon information and belief, officers and/or directors and active principals of the corporate Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and/or, upon information and belief, Third-Party Defendant Ferrari, Inc. and upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim Defendants and Third-Party Defendant Ferrari Inc.

126.     As directed and controlled by the Individual Third -Party Defendants, Counterclaim and/or, upon information and belief, Third-Party Defendant Ferrari Inc.'s use of the imitation and copying of SA International's domain name, trade name, service mark, and trademark SIGN.COM was, upon information and belief, willful and intended to palm off Counterclaim Defendants' and Third-Party Defendant Ferrari Inc.'s goods and services as those of SA International.

127.     As directed and controlled by Individual Third-Party Defendants, Counterclaim Defendants and/or upon information and belief, Third-Party Defendant Ferrari Inc. without the consent of SA International, have used and are using SIGNS.COM, which is substantially identical to SA International's domain name, trade name, service mark, and trademark SIGN.COM and have and are using the same in the sale of goods offering services in connection with the sale of

signs and graphical components and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods and services.

128.    Third-Party Defendants, through their control and direction of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., have and will continue to damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

129.    SA International has no adequate remedy at law.

130.    Unless restrained, Individual Third-Party Defendants, through their directions and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., will continue to cause injury to the business reputation of SA International by providing and selling similar goods and/or services.

**Ninth Claim For Relief**
**(Against Third-Party Defendants)**
**Common Law Trademark Infringement**

131.    This claim for relief is for common law trademark infringement. Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(b) in that this is a claim for relief for unfair competition which is joined to a substantially related claim arising under the trademark laws of the United States, as set forth in the First Claim for Relief.

132.    SA International repeats and realleges the contents ¶¶ 1 through 130 as though fully set forth herein.

133.    Individual Third-Party Defendants are, upon information and belief, are officers and/or directors and/or active principals of Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and, upon information and belief, Third-Party Defendant

Ferrari Inc. and upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and/or Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim Defendants and Third-Party Defendant Ferrari Inc.

134.    The quality of SA International's goods and services is carefully controlled by SA International so as to provide the purchasing public, including the retail and wholesale trade, with goods and/or services of the highest quality.

135.    As directed and controlled by Individual Third -Party Defendants, Counterclaim Defendants' and, upon information and belief, Third-Party Defendant Ferrari Inc.'s use of the domain name, trade name, service mark, and trademark SIGNS.COM is an infringement and trades upon the proprietary rights of SA International in its domain name, trade name, service mark, trademark.  Thus, as directed by the Individual Third-Party Defendants, the use by Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will and does tend to diminish and devalue the worth of the domain name, trade name, service mark, and trademark of SIGN.COM.

136.    SA International has no control and is not able to exercise any control over the quality of the services offered and goods sold by, as directed and controlled by the Individual Third-Party Defendants, Counterclaim Defendants and Third-Party Defendant Ferrari Inc. identified by the domain name, trade name, service mark, and trademark SIGNS.COM and any inferior goods or services of Counterclaim Defendants and Third-Party Defendant Ferrari Inc. will

tarnish the domain name, trade name, trademark, service mark SIGN.COM and reputation of SA International in connection with its business.

137.    The use, as directed and controlled by the Individual Third-Party Defendants, by of Counterclaim Defendants and Third-Party Defendant Ferrari Inc. of the substantially identical domain name, trade name, trademark, service mark SIGNS.COM will cause, unless enjoined by this Court, the wholesale and retail trade and public to no longer associate the domain name, trade name, trademark, service mark SIGN.COM with SA International.

138.    Individual Third Part Defendants, through their direction and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., have or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

139.    SA International has no adequate remedy at law.

140.    Unless restrained, Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., will continue to cause injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

**Tenth Claim For Relief**
**(Against Third-Party Defendants)**
**Trademark Infringement Under Title 70-3a-101 et. seq. of the Utah Code**

141.    This claim for relief arises under the trademark laws of the State of Utah and, more particularly, Title 70-3a-101, et. seq., and arises out of the same occurrences and transactions as set forth in connection with the First Claim for Relief.

142.    SA International repeats and realleges the contents of ¶¶ 1 through ¶ 140 as though fully set forth herein.

143.    Individual Third-Party Defendants are, upon information and belief, officers and/or directors and active principals of the corporate Counterclaim Defendant Creative Color, its subsidiary Counterclaim Defendant Signs.com and Third-Party Defendant Ferrari, Inc. and upon information and belief, have each actively controlled, directed and been involved in the wrongful acts of Counterclaim Defendant Creative Color and its subsidiary Counterclaim Defendant Signs.com, and Third-Party Defendant Ferrari, Inc., as hereinafter more specifically set forth herein. They are, therefore, liable for the acts of the corporate Counterclaim Defendants.

144.    As directed and controlled by Individual Third-Party Defendants, Counterclaim Defendants and Third-Party Defendant Ferrari Inc., have, without the consent of SA International, used SIGNS.COM, which is confusingly similar to SA Intern5ational's domain name, trade name, service mark, and trademark SIGN.COM, and have used the same in the offering of services and sale, offering for sale, and advertising of signs and graphical components and such is likely to cause dilution, confusion, mistake, or deceive as to the source or origin of such goods.

145.    Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc. have damaged or will damage SA International in a sum not presently known but reasonably believed in excess of Twenty Million ($20,000,000) Dollars.

146.    SA International has no adequate remedy at law.

147.    Unless restrained, Individual Third-Party Defendants, through their direction and control of Counterclaim Defendants and Third-Party Defendant Ferrari Inc., will continue to cause

injury to the business reputation of SA International by offering services and selling confusingly similarly identified goods.

## Prayer for Relief

Wherefore, Defendant, Counterclaim Plaintiff and Third-Party Plaintiff SA International, Inc., demands:

A.   Judgment jointly and severally against Plaintiffs and Counterclaim Defendants Signs.com, Inc., and Creative Color Services, Inc.:

    1.   Dismissing, in its entirety, the complaint of Signs.com, Inc., and Creative Color Services, Inc. (dba Ferrari Color), with costs and attorneys' fees.

    2.   Ordering Plaintiffs and Counterclaim Defendants Signs.com, Inc., and/or Creative Color Services, Inc., to transfer the domain name registration of SIGNS.COM to SA International, Inc.

B.   Judgment against Plaintiff and Counterclaim Defendants Signs.com, Inc., and Creative Color Services, Inc., and Third-Party Defendants Ferrari Color, Inc., Individual Third-Party Defendants Blake Green,  Kirk Green, Melvin C. Green, Danny R. Spanenberg, and J. Martin McGhie, jointly and severally, and with their respective agents, employees, and attorneys:

    1.   Temporarily and permanently enjoining them from selling and offering services and the sale signs, sign components under the domain name, trade name, service mark, and trademark SIGNS.COM and any term or terms or mark confusingly similar thereto.

    2.   Ordering them to deliver up for destruction all materials in its possession or under their control bearing the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto.

3.      Ordering to recall all goods bearing the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto from any customer.

4.      Be required to account and pay over to SA International, Inc., all gains, profits, and advantages derived from their use of the domain name, trade name, service mark and/or trademark SIGNS.COM and any term or mark confusingly similar thereto.

5.      Be required to pay to SA International, Inc., in addition, the damages SA International has sustained by reason of said infringements.

6.      Provide an accounting to SA International, Inc., of all the profits derived by them for the damages sustained by SA International, Inc., by reason of their wrongful acts complained of herein.

7.      The court to enter judgment for SA International, Inc., and said judgment, because of the willful nature of the trademark infringement under the laws of Utah, said amount be trebled and include, as well, reasonable attorneys' fees.

8.      With interest, reasonable attorneys' fees, and the costs and disbursements as appropriate in this action.

<div style="margin-left:40%">

Yours, etc.
Attorneys for Defendant, Counterclaim and
 Third-Party Plaintiff, SA International, Inc.
**Furgang & Adwar, L.L.P.**
/s/ Philip Furgang

</div>

June 7, 2013