Larry R. Laycock  (Utah State Bar No. 4868)
   *llaycock@mabr.com*
Charles J. Veverka  (Utah State Bar No. 7110)
   *cveverka@mabr.com*
Tyson K. Hottinger  (Utah State Bar No. 13067)
   *thottinger@mabr.com*
MASCHOFF BRENNAN LAYCOCK
   GILMORE ISRAELSEN & WRIGHT PLLC
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiffs and Third Party Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIGNS.COM, INC., and FERRARI COLOR,<br><br>   Plaintiffs,<br><br>v.<br><br>SA INTERNATIONAL INC.,<br><br>   Defendant. | Civil Action No. 2:13-cv-00036-RJS-DBP<br><br>**PLAINTIFFS SIGNS.COM, INC. FERRARI COLOR, CREATIVE COLOR SERVICES, INC., AND FERRARI COLOR, INC.' S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**<br><br>Jury Trial Demanded<br><br>Honorable Judge Robert J. Shelby |
| SA INTERNATIONAL INC,<br><br>   Counterclaimant and Third Party Plaintiff,<br><br>v.<br><br>SIGNS.COM, INC., and FERRARI COLOR<br><br>   Counterclaim Defendants, | |

CREATIVE COLOR SERVICES, INC., FERRARI COLOR, INC., BLAKE GREEN, KIRK GREEN, MELVIN C. GREEN, DAN R. SPANGENBERG, and J. MARTIN McGHIE,

      Third Party Defendants.

Plaintiffs and counterclaim defendants Signs.com, Inc., Ferrari Color D/B/A and third-party defendants Creative Color Services, Inc., and Ferrari Color, Inc. (collectively "Plaintiffs") by and through counsel, hereby Answer the numbered paragraphs of defendant SA International Inc.'s ("Defendant") First Amended Answer, Affirmative Defenses, and Third-Party Complaint ("Counterclaims") as follows:

## THE PARTIES

40. Paragraph 40 of the Counterclaims is a preamble and does not require a response. To the extent Paragraph 40 contains allegations, Plaintiffs lack information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore deny the same.

41. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Defendant's Counterclaims and therefore deny the same.

42. Plaintiff Ferrari Color admits that it is a D/B/A/ of Creative Color Services, Inc., a Utah company with offices at 1550 South Gladiola Street, Salt Lake City, Utah, and that it has commenced this action under the name of Ferrari Color. Plaintiffs admit that as part of its business it provides, *inter alia*, digital graphic production facilities and grand format printing for areas including, *inter alia*, Salt Lake City, Utah. Plaintiff Ferrari Color denies the remaining allegations of the paragraph 42 of Defendant's Counterclaims.

43. Plaintiff Signs.com, Inc. admits that it is a Delaware corporation registered to do business in Utah. Plaintiff Signs.com, Inc. denies the remaining allegations of paragraph 43 of Defendant's Counterclaims.

44. Plaintiffs admit that they have offices at 1550 South Gladiola Street, Salt Lake City, Utah, and that Ferrari Color, Inc. also has office space at this address. Plaintiffs admit that the website http://www.ferraricolor.com/about-us/company-overview exists and that the content of the website speaks for itself. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of Defendant's Counterclaims and therefore deny the same.

45. Plaintiffs admit that Kirk Green, Melvin Green, Danny R. Spangenberg, and J. Martin McGhie are individuals and that they maintain offices at 1550 South Gladiola Street, Salt Lake City, Utah. Plaintiffs admit that Blake Green is an individual and specifically deny that Blake Green is an officer or director of Creative Color Services, Inc. and deny that he maintains an office at 1550 South Gladiola Street, Salt Lake City, Utah.  Plaintiffs deny they have committed any wrongful acts.  The remaining allegations are uncertain and therefore Plaintiffs deny the remaining allegations in paragraph 45 of Defendant's Counterclaims.

## JURISDICTIONAL STATEMENT

46. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Defendant's Counterclaims and therefore deny the same.

47. Plaintiffs admit that they conduct business in this district. Plaintiffs deny the remaining allegations of paragraph 47 of Defendant's Counterclaims.

## ALLEGATIONS RELEVANT TO CLAIMS

48. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Defendant's Counterclaims and therefore deny the same.

49. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of Defendant's Counterclaims and therefore deny the same.

50. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of Defendant's Counterclaims and therefore deny the same.

51. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of Defendant's Counterclaims and therefore deny the same.

52. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of Defendant's Counterclaims and therefore deny the same.

53. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Defendant's Counterclaims and therefore deny the same.

54. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of Defendant's Counterclaims and therefore deny the same.

55. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of Defendant's Counterclaims and therefore deny the same.

56. Plaintiffs admit that Creative Color Services, Inc. was formed in 1987 and that its business includes digital graphic production facilities and grand format printing. Plaintiffs deny that Creative Color Services, Inc.'s business is limited to Salt Lake City, Utah and any remaining allegations in paragraph 56 of Defendant's Counterclaims.

57. Plaintiffs incorporate their response to paragraph 45, above, herein by reference. Plaintiffs specifically deny that they have committed wrongful acts and that Signs.com, Inc. is a subsidiary of Creative Color Services, Inc. as alleged in paragraph 57 of Defendant's Counterclaims. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of Defendant's Counterclaims and therefore deny the same. Paragraph 57 of Defendant's Counterclaims further includes legal conclusions that do not require a response.

58. Plaintiffs admit that Creative Color Services, Inc. purchased the domain signs.com on or about May 14, 1997. Plaintiffs specifically deny the remaining allegations contained in paragraph 58 of Defendant's Counterclaims.

59. This paragraph of the Defendant's Counterclaims includes legal conclusions that do not require a response. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Defendant's Counterclaims and therefore deny the same.

60. Plaintiffs specifically deny that "Counterclaim Defendant Creative Color formed Counterclaim Defendant Signs.com in the State of Delaware on April 23, 2012." Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of Defendant's Counterclaims and therefore deny the same.

61. Paragraph 61 of Defendant's Counterclaims states a legal conclusion that does not require a response. Plaintiffs deny any remaining allegations of paragraph 61 of Defendant's Counterclaims.

62. Plaintiffs incorporate herein by reference the response contained in paragraph 61, above, herein by reference. Plaintiffs lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of Defendant's Counterclaims and therefore deny the same.

63.     Plaintiffs lack information sufficient to form a belief as to the truth of the allegations in paragraph 63 of Defendant's Counterclaims and therefore deny the same. Paragraph 63 is also unintelligible and on that basis Plaintiffs deny the allegations of paragraph 63.

64.     Plaintiffs deny that Defendant sent a letter to Creative Color Services, Inc. and Signs.com, Inc. on December 31, 2012 as stated in paragraph 64 of Defendant's Counterclaims. Plaintiffs admit that the document attached as Exhibit C speaks for itself.

65.     Plaintiffs initiated this action on January 16, 2013, in part, in response to the letter attached as Exhibit C to Defendant's Counterclaims. Plaintiffs deny the remaining allegations of paragraph 65 of Defendant's Counterclaims.

66.     Plaintiffs admit that Signs.com, Inc. presently uses the domain name and word formative SIGNS.COM in commerce. Plaintiffs deny the remaining allegations of paragraph 66 of Defendant's Counterclaims.

## FIRST CLAIM FOR RELIEF

67.     Plaintiffs admit that Defendant purports to bring a cause of action under 15 U.S.C. §§ 1051 et seq., and specifically, §§ 1114, 1116, 1118, and 1125(a). Plaintiffs deny the remaining allegations of paragraph 67 of Defendant's Counterclaims.

68.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

69.     Plaintiffs deny the allegations of paragraph 69 of Defendant's Counterclaims.

70.     Plaintiffs deny the allegations of paragraph 70 of Defendant's Counterclaims including the allegations of subparagraphs contained therein.

71.     Plaintiffs deny the allegations of paragraph 71 of Defendant's Counterclaims.

72.     Plaintiffs deny the allegations of paragraph 72 of Defendant's Counterclaims.

73.     Plaintiffs deny the allegations of paragraph 73 of Defendant's Counterclaims.

74.     Plaintiffs deny the allegations of paragraph 74 of Defendant's Counterclaims.

75. Plaintiffs deny the allegations of paragraph 75 of Defendant's Counterclaims.

## SECOND CLAIM FOR RELIEF

76. Plaintiffs admit that Defendant purports to bring a cause of action under the Trademark Laws of the United States for false and deceptive advertising. Plaintiffs deny the remaining allegations of paragraph 76 of Defendant's Counterclaims.

77. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

78. Plaintiffs deny the allegations of paragraph 78 of Defendant's Counterclaims.

79. Plaintiffs deny the allegations of paragraph 79 of Defendant's Counterclaims.

80. Plaintiffs deny the allegations of paragraph 80 of Defendant's Counterclaims.

81. Plaintiffs deny the allegations of paragraph 81 of Defendant's Counterclaims.

82. Plaintiffs deny the allegations of paragraph 82 of Defendant's Counterclaims.

## THIRD CLAIM FOR RELIEF

83. Plaintiffs admit that Defendant purports to bring a cause of action for common law unfair competition. Plaintiffs deny the remaining allegations of paragraph 83 of Defendant's Counterclaims.

84. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

85. Plaintiffs deny the allegations of paragraph 85 of Defendant's Counterclaims.

86. Plaintiffs deny the allegations of paragraph 86 of Defendant's Counterclaims.

87. Plaintiffs deny the allegations of paragraph 87 of Defendant's Counterclaims.

88. Plaintiffs deny the allegations of paragraph 88 of Defendant's Counterclaims.

89. Plaintiffs deny the allegations of paragraph 89 of Defendant's Counterclaims.

## FOURTH CLAIM FOR RELIEF

90. Plaintiffs admit that Defendant purports to bring a cause of action for common law trademark infringement. Plaintiffs deny the remaining allegations of paragraph 90 of Defendant's Counterclaims.

91. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

92. Plaintiffs lack information sufficient to form a belief as to the truth of the allegations of paragraph 92 of Defendant's Counterclaims and therefore deny the same.

93. Plaintiffs deny the allegations of paragraph 93 of Defendant's Counterclaims.

94. Plaintiffs admit that Defendant has no control and does not exercise any control over the quality of services and goods offered by Plaintiffs. Plaintiffs deny the remaining allegations of paragraph 94 of Defendant's Counterclaims.

95. Plaintiffs deny the allegations of paragraph 95 of Defendant's Counterclaims.

96. Plaintiffs deny the allegations of paragraph 96 of Defendant's Counterclaims.

97. Plaintiffs deny the allegations of paragraph 97 of Defendant's Counterclaims.

98. Plaintiffs deny the allegations of paragraph 98 of Defendant's Counterclaims.

## FIFTH CLAIM FOR RELIEF

99. Plaintiffs admit that Defendant purports to bring a cause of action for trademark infringement under the laws of the State of Utah. Plaintiffs deny the remaining allegations of paragraph 99 of Defendant's Counterclaims.

100. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though fully set forth herein.

101. Plaintiffs deny the allegations of paragraph 101 of Defendant's Counterclaims.

102. Plaintiffs deny the allegations of paragraph 102 of Defendant's Counterclaims.

103. Plaintiffs deny the allegations of paragraph 103 of Defendant's Counterclaims.

104. Plaintiffs deny the allegations of paragraph 104 of Defendant's Counterclaims.

## SIXTH, SEVENTH, EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF

105. Plaintiffs have not been named in Defendants' sixth, seventh, eighth, ninth, and tenth causes of action and therefore no response to paragraphs 105 through 147 of Defendant's Counterclaims is necessary. To the extent that any allegations against Plaintiffs are realleged in paragraphs 105 through 147, Plaintiffs incorporate their corresponding response by reference.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

Plaintiffs further deny each and every allegation in Defendant's Counterclaims that was not specifically admitted, denied or otherwise responded to herein. Plaintiffs specifically deny that Defendant is entitled to any relief whatsoever from Plaintiffs or the Court, as requested in Defendant's Prayer for Relief or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Defendant fails to state a counterclaim against Plaintiffs upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred under the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred under the doctrine of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has waived any Counterclaims it now alleges against Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has failed to reasonably mitigate its alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by Defendant's knowledge, constructive knowledge or acceptance of the facts on which it bases its counterclaims against Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

If Defendant suffered any injury or damage as alleged in its Counterclaims or prayer for relief, such injury or damage was caused, in whole or in part, by the intentional acts, omissions, recklessness, carelessness or negligence of Defendant and Defendant's damages, if any, against Plaintiffs should be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part on the ground that Defendant has not been sufficiently damaged to obtain any requested relief.

### NINTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part because Plaintiffs have not infringed Defendant's purported trademark or proprietary rights under federal or state law.

### TENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part because Defendant has not established common law trademark or proprietary rights in the domain name, trade name or alleged trademark SIGN.COM.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims against Plaintiffs are vague, uncertain, ambiguous and unintelligible.

### TWELFTH AFFIRMATIVE DEFENSE

Because Defendant's Counterclaims are uncertain, Plaintiffs expressly reserves the right to allege additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  That Defendant take nothing by its Counterclaims;

B.  That the Counterclaims, and each and every claim for relief alleged therein against Plaintiffs, be adjudicated against Defendant and in Plaintiffs' favor, and that each such claim for relief be dismissed in its entirety with prejudice;

C.  That the Court award Plaintiffs their costs of suit and attorneys' fees and expenses incurred in defending against the Counterclaims; and

D.  That the Court award Plaintiffs such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all issues so triable.

DATED: June 24, 2013.	MASCHOFF BRENNAN LAYCOCK

By:  /s/ Tyson K. Hottinger
Larry R. Laycock
Charles J. Veverka
Tyson K. Hottinger
Attorneys for Plaintiffs and Third Party Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2013, a true and correct copy of the foregoing document was filed with the Clerk of Court and served on all counsel of record via CM/ECF.

    */s/ Tyson K. Hottinger*