Larry R. Laycock (Utah State Bar No. 4868)
   *llaycock@mabr.com*
Charles J. Veverka (Utah State Bar No. 7110)
   *cveverka@mabr.com*
Tyson K. Hottinger (Utah State Bar No. 13067)
   *thottinger@mabr.com*
MASCHOFF BRENNAN LAYCOCK
      GILMORE ISRAELSEN & WRIGHT PLLC
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:  (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiffs and Counterclaim Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIGNS.COM, INC., and FERRARI COLOR, <br><br> Plaintiffs, <br><br> v. <br><br> SA INTERNATIONAL INC., <br><br> Defendant. | Case No. 2:13-CV-00036-RJS-DBP <br><br> **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PROHIBIT DEPOSITIONS NOTICED AFTER THE CLOSE OF FACT DISCOVERY** <br><br> Jury Demanded <br><br> Honorable Judge Robert J. Shelby |
| AND RELATED COUNTERCLAIMS. | |

## MOTION

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure,[1] and D. U. Civ. R. 26-2(b), plaintiffs Signs.com, Inc. and Ferrari Color ("Plaintiffs") file this Motion for Protective Order ("Motion") in the above-captioned action ("Action") seeking an order from the court prohibiting SA International, Inc. ("SAI") from proceeding with the deposition of Daniel R.

---

[1] Hereinafter, all references to the Rule(s) are to the Federal Rules of Civil Procedure, unless otherwise specified.

Spangenberg, Blake Green, Melvin C. Green, Nelson James, Ben Martin, Jason Russell, and Signs.com, Inc. (collectively, the "Depositions"). As detailed in the supporting Memorandum, the Court should grant Plaintiffs' Motion because SAI is seeking to take the Depositions after the close of fact discovery (March 26, 2014).

Furthermore, pursuant to DUCivR 26-2, the requested discovery is automatically stayed pending resolution of this Motion, because Plaintiffs have brought their motion within three days of the subject notice of the Depositions.

In accordance with Fed. R. Civ. P. 26(c)(1), the attorneys for Plaintiffs hereby certify that they have conferred in good faith with the attorneys for SAI and have been unable to resolve this dispute.

This Motion shall be based upon this notice of the Motion, the Memorandum of Law in Support attached hereto, the pleadings and records on file in the action (particularly the Court's Scheduling Orders), the Declaration of Tyson K. Hottinger, and those matters of which the Court may properly take judicial notice, and such other evidence or arguments of counsel as may be presented to the Court in connection with the determination of the Motion. Plaintiffs also submit a "[Proposed] Order Granting Motion for Protective Order to Prohibit Depositions Noticed After the Close of Fact Discovery."

DATED: March 13, 2014.   By:   /s/ Tyson K. Hottinger
                                Larry R. Laycock
                                Charles J. Veverka
                                Tyson K. Hottinger
                                MASCHOFF BRENNAN LAYCOCK
                                 GILMORE ISRAELSEN & WRIGHT PLLC

# MEMORANDUM

## I. FACTUAL BACKGROUND

SAI has delayed and frustrated Plaintiffs' efforts to efficiently and timely resolve this Action from its inception. SAI summarily refused to participate in a Rule 26(f) conference at the outset of this case, forcing Plaintiffs to file a motion to compel and delaying the start of discovery. (*See* Dkt. No. 38.) SAI also belatedly served its initial disclosures two weeks after the Court ordered deadline of September 16, 2013, further delaying proper discovery. (Hottinger Declaration, ¶ 3, Ex. C.)

Despite SAI's delays, Plaintiffs were diligent in serving their discovery and did so on the same-day as the parties' Rule 26(f) conference. (*See* Hottinger Declaration, ¶ 2, Exs. A, B and Dkt. No. 56.) SAI delayed serving any discovery in this action until three months after the parties held their 26(f) conference. (*See* Hottinger Declaration, ¶ 4, Ex. D; SAI served its discovery on October 4, 2013.)

SAI's responses to Plaintiffs written discovery were delayed and severely deficient (e.g., admittedly failing to produce over 30,000 pages of documents). Plaintiffs promptly notified SAI of these deficiencies in a detailed letter and other correspondence. (*See* Hottinger Declaration, ¶¶ 5, 6, Exs. E, F.) SAI did not even attempt to correct these issues until March 5, 2014, only 8 days ago, when it made an additional production of documents. (*Id.*, at ¶ 7.)

Despite SAI's deficient discovery responses, Plaintiffs were in the process of providing proper responses to SAI's written discovery. During these efforts, the parties made progress toward settling the Action and met in Salt Lake City on November 20, 2013. (*Id.*, at ¶ 8.) The parties believed they had reached a settlement after the November 20, 2013 meeting and SAI

agreed to provide a draft settlement agreement within one week.  (*Id*., at ¶ 9.)  The parties also agreed to continue the deadline for Plaintiffs to respond to SAI's written discovery and to continue some of the dates contained in the Court's scheduling order.  (*See* Dkt. No. 69; Hottinger Declaration, ¶ 10.)  The parties jointly moved the Court for an amended scheduling order, which continued, among other dates, the fact discovery cut-off for 70 days from either January 21, 2014 or from the date either party provided notice that settlement discussions were unsuccessful, whichever was earlier.  (*See* Dkt. No. 69.)

Instead of providing the agreement within the one week period, SAI delayed the draft for a month and the late draft did not reflect the agreement of the parties.  There was some back and forth in an effort to salvage a settlement, but it was unsuccessful.  SAI exercised the option in the Amended Scheduling Order and notified the Court on January 15, 2014 that the parties were unable to reach a settlement agreement and that the Action should proceed.  (See Hottinger Declaration, ¶ 11, Ex. G.)  Under the Amended Scheduling Order, SAI's notice to the Court started the clock on the 70 day extension of the fact discovery cut-off.  Based on these facts, the fact discovery cut-off is March 26, 2014 (70 days from January 15, 2014).

The parties continued to litigate this Action, including a motion to dismiss hearing on January 21, 2014.  After the Court dismissed several parties from SAI's counterclaims, counsel for SAI addressed conducting additional discovery, and depositions were even mentioned.  In response to this, Plaintiffs' counsel addressed the Amended Scheduling Order and stated that "discovery cutoff is approaching fairly quickly.  I believe it's in early March is our discovery cutoff . . . I just bring that to the Court's attention . . . those dates are just a few months out."  (I*d*., at ¶ 12, Ex. H.)  Counsel for SAI was present during these discussions and knew that any

1

additional discovery, including depositions would have to be completed soon, and certainly before the close of fact discovery.

SAI eventually got around to noticing depositions, but it did not do so until Monday, March 10 (only 16 days before the close of discovery) and most of the noticed depositions are set to take place after March 26, 2014.  (*Id*., at ¶ 13, Ex. I.)  SAI is unable to set the depositions sooner because Plaintiffs properly noticed depositions to take place from March 14 through March 24.  Plaintiffs, unlike SAI, tried to schedule and set its depositions over a month ago on February 4, 2014.  (*Id*., at ¶ 14, Ex. J.)  Plaintiff waited over a month to receive available dates from SAI, but SAI never provided dates even after several inquiries from Plaintiffs, including during an in-person meet and confer.  (*Id*.)

## II.     ARGUMENT

Allowing SAI to take the Depositions after the close of fact discovery would create an undue burden and cause prejudice to Plaintiffs because the parties had equal opportunity to seek discovery within the timeframe set forth in this Court's scheduling orders.  Courts have broad discretion under Rule 26(c) to decide when a protective order is warranted.  *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).  Under Rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense."  To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).  "A party may demonstrate good cause, within the meaning of Fed. R. Civ. P. 26(c), to prohibit a deposition by showing it would violate the deadline for discovery." *Sithon Maritime Co. v. Mansion*, 1999 U.S. Dist. LEXIS 1466, 4 (D. Kan. Feb. 8, 1999).

2

The Court should grant Plaintiffs' Motion because, as set forth above, SAI was not diligent in seeking discovery and it scheduled the Depositions to take place after the deadline for fact discovery.    Under the Amended Scheduling Order, the deadline for the close of fact discovery was set for 70 days after the earlier of two dates: (1) the Adjourned Date as defined therein, or (2) the Notice Date as defined therein. (Dkt. No. 69.)  The Notice Date is defined in the Amended Scheduling Order as the "date any party gives written notice to the Court and simultaneously to all other Parties that negotiations have reached an impasse." (*Id.*)  On January 15, 2014 SAI notified the Court that the parties were unable to reach a settlement agreement and that the Action should proceed, thereby triggering the Notice Date and setting the deadline for the close of fact discovery as March 26, 2014. (See Hottinger Declaration, ¶ 11, Ex. G.)  SAI now seeks to take the depositions of Daniel Spangenberg, Blake Green, Melvin C. Green, Nelson James, Ben Martin, and Jason Russell on consecutive days running from March 27-31, 2014 and the 30(b)(6) deposition of Signs.com, Inc. on April 1, 2014, clearly beyond the deadline set forth in this Court's Amended Scheduling Order.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and prohibit the depositions.

DATED: March 13, 2014.                By:    */s/ Tyson K. Hottinger*
                                                    Larry R. Laycock
                                                    Charles J. Veverka
                                                    Tyson K. Hottinger
                                                    MASCHOFF BRENNAN LAYCOCK
                                                      GILMORE ISRAELSEN & WRIGHT PLLC

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March 2014, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PROHIBIT DEPOSITIONS NOTICED AFTER THE CLOSE OF FACT DISCOVERY** was served via E-Mail through the Court's EM/ECF service on the following counsel of record:

Gregory D. Phillips
Cody Z. Winchester
Jared L. Cherry
Phillips Ryther & Winchester
600 East 124 South
Salt Lake City, UT 84102
Email: gdp@prwlawfirm.com
　　　　czw@prwlawfirm.com
　　　　jlc@prwlawfirm.com


　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Tyson K. Hottinger_____

4